Mathews, J.
delivered the opinion of the court. This case must decided by the application and interpretation of a few articles of our code. It is clear that conventional mortgages may be granted either by an authentic act, made in the usual form of contracts, or by an act under private signature. Civ. Code 453, art. 5. But, judicial and conventional mortgages cannot operate against third persons, except from the day of their being legally entered in the office of the register of mortgages : and, in order to have any act registered in that office, the creditor, who desires it, is either by himself, or some other person, to present to the register an authentic copy of the judgment or act from which the mortgage originates. Id. 454 art. 14, 466, art. 63.
In applying these general provisions of law to particular cases, no obscurity or difficulty could occur, if mortgages could he granted hy authentic acts alone : for of such, copies properly certified are on all occasions used instead of the originals. Peytavin vs. Hopkins, ante 438. But our laws recognize mortgages granted by acts under private signature, as well as sales of immoveable property and slaves; the latter of which must be recorded in the office of a notary public, in order to give them effect against third *488 persons. The rules of law relating to acts of sale (although cited and relied upon by the plaintiff's counsel) it is believed, are not appli cable to the registry of mortgages, and give no aid in the decision of the question under consideration. We will, therefore, examine only the law on the subject of mortgages, to every part of which it is our duty to give full force and efficacy; provided it can be done without leading to gross absurdity and palpable injustice.
Mortgages may he granted by acts under private signature or by those executed in a public and authentic form. When they are offered to be recorded the provision of the law is, that an authentic copy must be produced to the register, This provision is also strictly applicable to judicial mortgages; for the original judgment cannot be removed from the custody of the court, in which it was rendered. It may also be properly applied to conventional mortgages passed before a notary; because, as to such instruments, authentic copies are always legal evidence of the contracts which they purport to prove.
The only thing necessary to give effect to mortgages against third persons, is that they be recorded in the office of the register of mort- *489 gages, in the manner prescribed by law ; which is effected by presenting copies, properly authenticated, of public acts, as judgments and notarial instruments.
But, it is self-evident, that nothing could be more absurd than to require the exhibition of an authentic copy of an act under private signature-when, it is by no means clear that such a copy can, in any way, be obtained. To interpret the law on this subject, so as to require an authentic copy of a mortgage, under private signature, would be to annul entirely that provision of the code, by which such acts are authorized, and in open violation of a sound rule, for the interpretation of laws, which requires that they should be so construed, ut res magis valeat quam pereat.
From this view of the subject, we are of opinion that, in cases of mortgages granted by acts under private signature, it is sufficient for those, who intend to claim a benefit and privilege under them, to present the original instrument to the register, to be recorded. When recorded, as directed by law, if there be nothing fraudulent in them, they ought to be held as good and valid against third persons, without any previous recording by a notary public.
*490 It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and the cause sent back to that court, with directions to allow the defendant and appellant, Cucullu, the privilege of a creditor, by a mortgage legally recorded; and it is ordered, that the plaintiff and appellee pay costs.