GRUBB'S HEIRS *vs.* HENDERSON.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF RAPIDES.

A will cannot be annulled, or its validity inquired into, without making those having an interest arising under it, parties to the suit.

In a suit between the heirs of an estate and the executor, the court cannot decree certain notes, found in the succession, but payable to the testator's natural children, to be the property of the plaintiffs, without making the payees of the notes parties to the suit.

A court of ordinary jurisdiction, is the proper tribunal in which to enforce the payment of debts due to a succession.

The facts are. fully stated in the opinion of the court, delivered by PORTER, J.

The petitioners state that their uncle died in the parish of Rapides, leaving no descendants to inherit his estate; that they are his heirs; that after his death an inventory and appraisement of his property was made, and that one Francis Henderson administered his estate as one of his executors.

They pray that he may be cited, and adjudged to pay the sums which he may be found owing to the succession of the deceased in his own right, or otherwise, together with interest, as mentioned in the inventory; that a final settlement of

GRUBB'S HEIRS
vs.
HENDERSON.

the account of the succession may take place, and that he be decreed to surrender such portions of the property as is not disposed of.

On this petition the judge made an order, admitting the plaintiffs, as heirs of the deceased, and directed the executor to render his account.

The answer of the defendant, denied that there was such affinity between his testator, and the plaintiffs, as made them his heirs at law.

And that if they were, the deceased made a will, whereby he bequeathed to his own children all the estate; that this will is still in existence, and that the plaintiffs had no right to this action until the will was annulled, that the defendant was made executor of the will, and is tutor to the minor children of the testator. He also pleaded that he had disbursed large sums of money for and in behalf of Grubbs and his children, which he should be allowed in compensation.

And further, that the notes given by him for the land bought from B. Grubbs, were made in favor of his children, to whom alone he ought to pay them.

After this answer was put in, the plaintiffs applied for and obtained leave of the court, to file a supplemental petition, in which they state: That the will alluded to in defendants answer, never has been legally probated; that it is void for many reasons. That it was defective in wanting the requisites prescribed by law; that the dispositions made in it, are in direct opposition to law.

First. In making an universal donation to the concubine of the deceased.

Second. In donating more than is allowed by law to his illegitimate children, who had not been naturalized or acknowledged according to law.

Wherefore, they pray that the instrument alleged to be a will, be declared null and void.

The executor afterwards filed his account of disbursements as executor, leaving it to the court to charge him with such parts of the estate as he might be responsible for. He reiterated his allegation, that the will was good, and must be considered such, until set aside according to law.

The plaintiffs filed opposition to several items of this account; and averred that the defendant, not having paid many of the sums for which he claimed credit, during the period of his executorship, could not oppose them to the demand of the plaintiffs, and further, that the defendant had given the estate credit for no sum whatever, when he should have charged himself with thirty thousand dollars under the inventory.

On these issues the parties went to trial. The Court of Probates, sustaining the objections to some of the items of the defendant's account, came to the conclusion, that the estate was indebted to him in the sum of one thousand two hundred and twenty dollars and eight cents. It is fu ther ordered, that the defendant deliver over to the plaintiffs, the notes made by him in favor of the natural children, but that nothing contained in the decree, should prejudice the rights of the plaintiffs to any action which they might bring on the note of the defendant.

From this judgment the plaintiffs appealed.

The evidence on record, does not enable us to say, the court erred in the decision which it made on the several items of the defendants account, which were objected to.

The will could not be annulled, without making those having an interest under it, parties to the suit. *La Valsain* vs. *Cleretier.* 3 *La. Reports*, 170.

The principal point in contest, is in relation to the notes executed by the defendant, in favor of the illigitimate children of the testator, the consideration of which was a tract of land purchased from him. The plaintiffs contend that these notes were absolutely null and void, and that the judg-ment of the court should have been, that they were the property of the heirs, and that the defendant should pay over to the plaintiffs the amount due by them. The defendant has not appealed, and we are therefore dispensed with the necessity of examining whether the Court of Probates could give such a decree, in a case where the payees of the note were not parties, either by themselves, or their legal representatives; or if there had been such parties, whether that court

*Margin notes:*

WESTERN DIS
October, 1833.

GRUBB'S HEIRS
*vs.*
HENDERSON.

A will cannot be annulled, or its validity inquired into, without making those having an interest arising under it, parties to the suit.

WESTERN DIS had jurisdiction of the case.   We are however entirely satis-
October, 1833.
fied, that the prayer on the part of the plaintiffs to have the
RICHARDSON judgment made still more favorable to them, cannot be
*vs.*
SCOTT ET AL. acceeded to.   The payees of the notes are not parties to this

*In a suit be-* suit, and no judgment can be given which deprives them of
*tween the heirs of*
*an estate and the* the interest vested in them, by the terms in which the obli-
*executor,    the*
*court cannot de-* gations are written, until they have had the means legally
*cree certain notes*
*found in the suc-* given to them, of making their defence.   Then again, the
*cession, but pay-*
*able to the testa-* debt due by the executor to the testator, previous to his
*tor's natural chil-*
*dren, to be the* decease, cannot be distinguished from any other credit, which
*property of the*
*plaintiff's, with-* the estate may possess, and the courts of ordinary jurisdiction,
*out making the*
*payees of the* not those of probate, are the proper tribunals to enforce the
*notes parties to*
*the suit.* payment of debts due to a succession.
*A court of or-*
*dinary jurisdic-*
*tion, is the pro-*
*per tribunal in*
*which to enforce* This opinion renders it unnecessary to notice the bill of
*the payment of*
*debts due to a* exceptions, which appears on record, and it is, therefore,
*succession.* ordered, adjudged and decreed, that the judgment of the
Court of Probates be affirmed with costs.