EASTERN DIST.
June, 1836.

INGRAM'S
HEIRS
vs.
STOKES ET AL.

## INGRAM'S HEIRS vs. STOKES ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

The District Court has jurisdiction in a suit brought to recover the penalty in a curator's bond, in an action on the bond against the principal surety.

Where judgment is demanded in the District Court, personally, against the curator of the absent heirs, who is *functus officio*, and to compel him to pay the penalty of his bond, it may be discharged by complying with one of its principal conditions: that of rendering an account, and paying over any balance in the curator's hands.

This is an action instituted by the plaintiffs, as heirs of Alexander Ingram, deceased, in the parish of East Baton Rouge, against the defendant and another as principal surety in a curator's bond ; in which they claim the penalty therein, amounting to sixteen hundred dollars. The plaintiffs allege that the defendant, Stokes, obtained the appointment of curator to the absent heirs of said decedent, and has received the property and effects of the estate, and has also failed to account and pay over the proceeds thereof, and that his bond is forfeited by such failure. They pray judgment for the amount of the penalty of the bond against the principal and surety.

The defendants excepted to the jurisdiction of the District Court, because the subject matter in controversy is exclusively cognizable before the Court of Probates, &c.

It appeared from the pleadings and evidence, that the year for which the appointment of the curator had been prolonged, had expired; and that he had not rendered any account of his administration. That he never had been cited to render an account in the Court of Probates, either by the attorney of the absent heirs, or by the heirs present.

The district judge sustained the exception to the jurisdiction of the District Court. The plaintiffs appealed.

*Elam*, for the plaintiff and appellant, contended that the District Court has jurisdiction, and was the proper tribunal before which to sue the curator on his bond. If the bond has any binding force, it resolves itself into an obligation *to do*, or *not to do* certain things. *Louisiana Code,* article 1920.

2. The term of one year was allowed, in which to perform the obligations of the bond, and within that time the curator was bound to render his account. After that time we can sue on the bond. *Louisiana Code, articles* 1179, 1883, 1920.

3. The penalty of the bond may be claimed by suit in the District Court, without ever calling on the curator to account in the Probate Court. 5 *Louisiana Reports,* 488. 4 *Ibid.* 539.

4. The amount of the penalty is *primâ facie* evidence of the amount due, in an action on a curator's bond. 4 *Martin, N. S.* 481.

5. The plaintiffs had a right of action against the principal and surety in the bond, without calling for the rendition of an account in the Court of Probates: hence, the District Court has jurisdiction in this case. 5 *Louisiana Reports,* 322.

*R.* and *A. N. Ogden,* for the defendants.

*Bullard, J.,* delivered the opinion of the court.

This is an action upon a bond given by one of the defendants, as curator of the absent heirs of Alexander

EASTERN DIST.
June, 1836.

INGRAM'S
HEIRS
*vs.*
STOKES ET AL.

EASTERN DIST.
June, 1836.
Ingram, deceased, in which both the principal and surety are sued for the penalty of the bond.

INGRAM'S
HEIRS
*vs.*
STOKES ET AL.

The surety made default, but the principal excepted to the jurisdiction of the District Court, on the ground that the subject matter of the action is exclusively cognizable before the Court of Probates of the parish, before whom he is ready to account for all the matters and things arising out of the curatorship, alleged in the petition. The defendant further excepted to the action, on the ground that all the heirs had not joined in the suit, and that his wife is one of the heirs and no partition had taken place, and that the suit is consequently premature, and brought before a court without jurisdiction *ratione materiæ.*

The exception to the jurisdiction of the District Court was sustained, and the plaintiffs appealed.

That part of the exception which relates to the sufficiency of the petition and the want of proper parties, may be laid out of view; because, if the plea to the jurisdiction be sustained, it is clear the court could not take cognizance of any other question growing out of the case. The court of the first instance having sustained that exception, and dismissed the suit, our sole inquiry is, whether it erred in so doing; and consequently, the arguments which have been addressed to us, to show that no breach of the conditions of the bond has been assigned and set forth in the petition, can have no application to the question presented on the appeal.

The District Court has jurisdiction in a suit brought to recover the penalty of a curator's bond, in an action on the bond against the principal and surety.

This suit is brought to recover the penalty of the curator's bond, and not to compel him to render an account of his administration. With respect to the surety, the District Court had clearly jurisdiction. It was so decided by this court, in the case of Elliott *vs.* White, 5 *Louisiana Reports,* 322.

Where judgment is demanded in the District Court personally against the curator of absent

In the case of Flint *vs.* Wells, a plea to the jurisdiction of the District Court, in a suit upon the bond of a former curator, was sustained; but it was on the ground that judgment was not asked for the penalty of the bond, but to compel a rendition of account, and for damages for mal-administration. 4 *Louisiana Reports,* 539.

Judgment is demanded in this case personally, against a curator of absent heirs, who is *functus officio*, and to compel him to pay the penalty of his bond, which may be discharged by complying with one of its principal conditions, that of rendering an account and paying over any balance in his hands, within a period to be fixed by the court. Among the exclusive powers of the Court of Probates, that of compelling administrators and curators to render an account is mentioned, but not such a case as the present. We are, therefore, of opinion, that the court erred in sustaining the plea to the jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and it is further ordered, that the case be reinstated and remanded for further proceedings, according to law, and that the appellee pay the costs of this appeal.

*Eastern Dist.
June, 1836.*

heirs, who is *functus officio*, and to compel him to pay the penalty of his bond, it may be discharged by complying with one of its principal conditions: that of rendering an account and paying over any balance in the curator's hands.