THOMAS MASKELL, Testamentary Executor of John W. Dough, deceased, v. PIÈRRE BERTIN ROUSSEL.

Neither the validity of a will under which a plaintiff holds the appointment of testamentary executor, nor the certificate of his appointment from the Court of Probates, can be inquired into collaterally, in a controversy between the executor and a debtor of the succession represented by him. The court cannot look beyond the certificate of his appointment, or letters testamentary ; and until the will be regularly annulled, which cannot be done in the absence of those having an interest under it, he will be entitled to exercise the powers conferred on him by law.

APPEAL from the District Court of St. Mary, *Campbell*, J.

SIMON, J. The defendant is appellant from a judgment which condemns him to pay to the plaintiff, as testamentary executor of the estate of John W. Dough, deceased, the sum of $1500, with ten per cent interest, per annum, on $7500, from the 15th of December, 1841, until paid.

The claim is first resisted on the ground, that the plaintiff is not the testamentary executor of the last will and testament of the deceased, and has no right to administer on the estate. The answer states, further, that the note sued on, was given in part consideration of the price of certain property, consisting in town lots with the improvements thereon, sold to the defendant by the deceased, belonging to the community formerly existing between the deceased and his late wife ; that the same was so sold after the dissolution of the community ; that the deceased had no right to sell ; and that a suit has been instituted by one Tarkington for the portion of the property that is due by the estates of John and Nancy Dough to the latter. He further alleges, that the instrument under which the plaintiff pretends to act as testamentary executor, is not one by which a testamentary executor can be appointed ; that one John B. Murphy is the only legal testamentary executor to whom payment can be made ; and that the sale made to him by Dough, being illegal, may be set aside and annulled, and he, the defendant, evicted from the property by the heirs of the wife of the deceased, or by the curator of her estate, as a suit has already been brought for that purpose.

Maskell, Executor, v. Roussel.

It is first proper to notice, with regard to the alleged danger of eviction, that the evidence shows, that in attacking the sales made by John W. Dough after the death of his wife, Tarkington excepts the sale made to the defendant. This sale appears to be ratified by Tarkington in his petition, and it is clear, that so far as the action of Tarkington is in question, the defendant is not in danger of being evicted.

On the main ground of defence, an attempt has been made to establish the illegality, or invalidity of the instrument under which the plaintiff has been confirmed, as testamentary executor of the last will of the vendor, and to show, that the instrument being null and void as a will, another person is the only legal testamentary executor entitled to institute the present suit. This was disregarded by the lower court, and, we think, very properly. The plaintiff was regularly confirmed by the Court of Probates, as testamentary executor ; letters testamentary were delivered to him ; and those letters were regularly produced, on the trial of this cause. This was clearly sufficient to authorize the plaintiff to maintain this action ; and, as we have often held, we cannot look beyond the certificate of his appointment, or letters testamentary, in a controversy between the executor acting in that capacity, and one of the debtors of the succession which he represents. It cannot, in our opinion, be controverted, that the validity of the will under which the plaintiff holds his appointment, cannot be inquired into collaterally, in a proceeding with a debtor of the estate, who has no interest in the succession ; that until the will be regularly annulled, the testamentary executor has a right to exercise the powers conferred upon him by law, and by the effect of his confirmation ; and that it does not lie in the mouth of the defendant to contend, that the letters testamentary, under which the plaintiff acts, were illegally issued. It is obvious, that this controversy is an indirect attempt to annul the will of the deceased, under which the plaintiff was appointed executor. This cannot be done in this suit ; nor can its validity be inquired into, in the absence of those having an interest under it. 6 La. 53.

Having thus disposed of the principal ground of defence set up by the defendant, there remains the question of interest. Under

the contract of sale filed with the plaintiff's petition, it is stipulated between the parties, that the notes shall bear an interest of ten per cent per annum from their date until paid, and that the interest on all the notes (five in number, of $1500 each,) given for the price of the property, shall be paid *annually*, and the same endorsed to the credit of said interest, on the back of said notes. This clearly gives to the plaintiff, the right of claiming the interest of one year, on the whole amount of the price, as one year's interest was due at the time this suit was instituted ; but the judgment of the lower court should have been limited to one year's interest, upon the four last notes, and should only have allowed interest at the rate of ten per cent from the 15th of December, 1841, *until paid*, on the note sued on, which became due on the 15th of December, 1842. The interest upon the other four notes was only due until the latter period.*

It is therefore ordered, that the judgment of the District Court be affirmed, with the following modifications :   That the plaintiff recover of the defendant the sum of $1500, with ten per cent interest per annum thereon, from the 15th of December, 1841, until paid ; and the further sum of $600, being one year's interest up to the 15th of December, 1842, on the four other notes mentioned in the act of sale ; and that no execution issue against the defendant, for the said sum of $600, unless the said four notes be deposited in the Clerk's office, for the purpose of endorsing to the credit of said interest on the back of said notes, the amount which may be paid by the defendant, or made out of his property, in satisfaction of this judgment : and it is also ordered and decreed, that the costs in the lower court be paid by the defendant, those in this court to be borne by the plaintiff and appellee.

*Maskell*, for the plaintiff.

*Splane* and *Stewart*, for the appellant.

---

* The sale was made for $7500, payable in five equal instalments at one, two, three, four, and five years, the first note falling due the 15th of December, 1842, and the others annually thereafter ; the notes to bear interest at ten per cent a year from the 15th of December, 1841. There was also a stipulation, that the interest on all the notes should be paid annually.