Statement of the Case.
MONROE, C. J.
The decedent left an estate valued at over $187,000, and a last will whereby he bequeathed to his mother $1,000 and the usufruct, during her life, of the property No. 937 St. Louis street, and to different individuals and public institutions sums aggregating, say, $17,000, and other property, movable and immovable, and whereby he appointed Mr. Emile Pomes his executor, after which he made the following dispositions (adopting the translation from the French, in which language the will is written, furnished by the counsel) to wit:
“I want that, after all these gifts which I bequeath are settled, that all my property be sold, which consists of premium bonds and all the mortgages which I possess be sold, and, after, to make a pension to my mother, during her lifetime, of fifty dollars ($50.00) per month, until her death. Then, to build, for me, a tomb, in white marble, which will cost not less than twenty-five thousand dollars ($25,000), for the last abode of myself and my mother, and give strict instruction that nobody else be buried in that tomb except myself and my mother. After, I charge Mr. Pomes to take care of the sale of those properties and to create a fund from the balance which will assure the amount that I wish to give to my mother during her lifetime. And, after that, he will be able to distribute the balance between the institutions which I have mentioned above; that is to say, give half of the amount which will remain to the Charity Hospital, then, the other half to be distributed between the other institutions,” etc.
Thereafter, Mrs. Jeanne Lepine, widow of Jean Marie Lacosst brought this suit, alleging that she is the surviving mother of the decedent and that the will is null and void, for this, to wit:
(1) That it is “not drawn up in accordance with the . laws regulating such matters”; (2) that it “is ambiguous, and the provisions and clauses therein contained are self-conflicting and impossible of execution”; (3) that it “contains clauses and provisions prohibited by law”; (4) “that, even if said will should be held legal and valid, the disposable portion of the said estate, referred to in said will, is far greater than the law allows”; (5) “that, even if said will is held valid, your petitioner’s share in her son’s estate, as recognized by law, has been completely disregarded, in violation of law”; (6) “that, even if said will is to be held valid, the amount of your petitioner’s interest or share in said estate should be not less than one-third the amount of said estate, namely, not less than $50,000, due your petitioner.”
The prayer of the petition is:
“That the said Emile Pomes, testamentary executor, and the Charity Hospital of New Orleans, residuary legatee, and all the other legatees referred to in said will, be duly cited, * * * and that * * * there be judgment setting aside the will, * * * decreeing and recognizing petitioner as the heir at law of all the property * * * left by * * * Eugene Lacosst; * * * or, in the alternative, * * * in the event that the will be upheld as valid, that the disposable portion of said es *840 tate, and the legacies provided for in said will, be reduced, * * * and that your petitioner’s share, as surviving mother and sole heir of the deceased, be recognized as one-third of the said estate,” etc.
The executor filed an exception of nonjoinder of parties defendant and vagueness of allegation, and, as we understand, the board of administrators of the Charity Hospital and the Eye, Ear, Nose and Throat Hospital also filed exceptions, which, however, are not in the record. The exceptions were overruled, and the executor filed an answer, but no answer was filed by any legatee, and, as to them, the case was never put at issue on the merits, and, as to the Charity Hospital, it was discontinued when called for trial. It was admitted by plaintiff that decedent was her illegitimate son, and evidence was adduced for the purpose of showing that she had acknowledged him. Plaintiff also admitted that the property No. 937 St. Louis street had been delivered to her by the executor, and that she was enjoying the revenue therefrom, and that she had received from the executor, regularly, the pension of $50 per month bequeathed to her by the decedent The executor objected to the introduction of any evidence, on the ground that the allegations of the petition were too vague to open the door, and interposed an objection of estoppel, on the ground that, having accepted the special legacies, the legatee could not be heard to attack the will whereby they were bequeathed to her. The trial resulted in a judgment reading as follows:
“It is ordered that there be judgment in favor of defendants, Emile Pomes, testamentary executor of the succession of Eugene Lacosst, and the Charity Hospital of New Orleans, residuary legatee, and all other legatees referred to in the will of the deceased, and against plaintiff, Jeanne Lepine, widow of Jean Marie Lacosst, dismissing the said plaintiff’s demand, at her cost.”
Plaintiff has appealed.
Opinion.
[1] It is evident that no judgment could be rendered that could bind the legatees, since, as to them, the case had not been put at issue, either by answers or defaults, and, as to the Charity Hospital, had been discontinued. On the 'other hand, as the legatees are the persons who are principally interested in'the question presented for decision, we are of opinion that they should have been made parties defendant.
“The law says, in case of contestation, the executor may interfere to sustain the validity of the will. There is no doubt he may, and it is, perhaps, his duty to do so. But his right to interfere in a contestation cannot be extended to make him the representative of the conflicting interests which the will has created.” Valsain et al. v. Cloutier, 3 La. 176, 22 Am. Dec. 179.
See, also, Grubb’s Heirs v. Henderson, 6 La. 51; Maskell, Ex’r, v. Roussel, 5 Rob. 500; Succession of Barker, 10 La. Ann. 28.
[2] The appeal, as brought up, presents merely the question whether, if plaintiff were to prosecute her suit against the parties in interest, she would win or lose; and this court does not sit for the decision of moot questions. We are, however, of opinion that the judgment should have been one of non-suit, though we think the plaintiff should pay all the costs.
It is therefore ordered that the judgment appealed from be amended so as to read, “dismissing the said plaintiff’s demand as in case of nonsuit, at her cost,” and, as thus amended, affirmed. It is further ordered that plaintiff pay the costs of the appeal. ■