(79 South. 175)

No. 22646.

Succession of McMAHON.

(June 29, 1918.)

*(Syllabus by the Court.)*

1. DISMISSAL AND NONSUIT ⬥⟞⟞56—NONJOINDER OF NECESSARY PARTIES — FAILURE TO AMEND.

Where an exception of nonjoinder of necessary parties is filed, and the trial court gives to the plaintiff sufficient time in which to make the necessary parties defendant, and such parties have not been made defendants in compliance with the order of the court, the suit is properly dismissed as in case of nonsuit.

*(Additional Syllabus by Editorial Staff.)*

2. WILLS ⬥⟞⟞267—CONTEST—PARTIES.

The legatees named in a will are necessary parties to a proceeding to have the will declared void.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Petition by John A. Muldoon and others, alleged legal heirs, against George Herbert,

Jr., executor of the will, of Mrs. Mary Mc-Mahon, deceased, attacking the validity of her probated will, and asking that it be declared void. Suit dismissed as in case of nonsuit, and plaintiffs appeal. Affirmed.

Woodville & Woodville, of New Orleans, for appellants. W. O. Hart, of New Orleans, for appellee.

SOMMERVILLE, J. Mrs. Mary McMahon left a last will and testament, in which she named several legatees and an executor. The will was admitted to probate, and was ordered executed.

The plaintiffs, four in number, alleging themselves to be the legal heirs of the deceased, filed a petition, attacking the validity of the will, and asking that it be declared null and void. They made the executor the only party defendant.

The executor filed an exception of nonjoinder of parties, insisting that the legatees were necessary parties defendant to the suit. The exception was sustained, and plaintiffs were given 30 days' time in which to amend their petition and make the necessary parties. The executor answered, and when the case was called for trial he moved that the suit be dismissed on the ground that plaintiffs had failed to make the legatees named in the will parties defendant as ordered. The rule was made absolute, and plaintiffs' suit was dismissed as in case of nonsuit.

It is argued on behalf of plaintiffs that the exception of nonjoinder of parties is a dilatory exception, which does not tend to defeat the action, but only to retard its progress, and there was error in the judgment dismissing their suit.

The exception of nonjoinder of necessary parties is more than a dilatory exception; and, where plaintiffs were given time in which to make necessary parties and failed to do so, we think that the suit was properly dismissed as in case of nonsuit.

[2] The legatees named in the will of the testator were certainly necessary parties to a proceeding to have the testament declared null and void. Cloutier v. Lecomte, 3 Mart. (O. S.) 481; Valsain v. Cloutier, 3 La. 176, 22 Am. Dec. 179; Grubb v. Henderson, 6 La. 51; Maskell v. Roussel, 5 Rob. 500; Succession of Barber, 10 La. Ann. 28; Succession of Lacosst, 139 La. 837, 72 South. 373.

[1] The only matter before the district court, and decided upon, was the exception of the want of proper parties, and that is the only matter before this court.

It was held in the Succession of George Grover, 49 La. Ann. 1050, 22 South. 313, where the trial judge had ordered security for costs to be furnished, and the security was not furnished, that the suit was properly dismissed. A similar disposition was made of the case of Curtis v. Jordan, 110 La. 429, 34 South. 591, wherein an amendment was twice ordered to be made, and the amendment was not made.

In the case of St. Charles Street Railway Co. v. Fidelity & Deposit Company of Maryland, 109 La. 491, 33 South. 574, the court say:

"A person acting in his individual capacity has a right to determine for himself whom he will sue; and though the court in which it is brought may conclude that the action cannot be maintained as against the defendant whom the plaintiff has selected, or that it cannot be maintained as against such defendant without joining other parties as codefendants, and, so holding, may dismiss it, or may leave it optional with the plaintiff to make the proper parties, or else go out of court," etc.

The judgment appealed from is affirmed.