(110 So. 759)

No. 27932.

BEATTIE et al. v. DIMITRY et al.

(Oct. 5, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⊚⟶1005(4)—Jury's finding of fact, approved by trial judge, will not be disturbed unless manifestly erroneous.

Jury's finding of fâct, approved by trial judge, will not be disturbed, unless it appears that finding was manifestly erroneous.

2. Judgment ⊚⟶564(1)—Judgment not appealed from is final.

Judgment not appealed from is final, and defendant cannot, by answer to appeal in another case, revive issues decided by such judgment.

3. Wills ⊚⟶741—When validity of will is made issue by plaintiffs, in suit to rescind notarial act renouncing rights thereunder, defendants may attack validity without making succession and one of legatees party.

Where plaintiffs, in suit to rescind and annul a notarial act renouncing rights claimed under will, made validity of will an issue in the cause, defendants were properly permitted to answer attacking validity of the will without making succession and one of legatees party thereto.

4. Wills ⊚⟶741—Litigants are entitled to wide latitude to properly present issues involving questions of fraud or forgery.

Where issues are raised involving questions of fraud or forgery, the widest latitude is offered to litigants to properly present issues and to establish facts.

5. Wills ⊚⟶741—Plaintiff, in suit to rescind notarial act renouncing rights under will, having introduced evidence of validity of will, defendants were properly permitted to offer proof of forgery.

Where, in support of petition seeking to rescind a notarial act renouncing rights under will on ground of fraud or duress, plaintiffs offered testimony establishing validity of will, defendants were properly permitted to offer proof of forgery thereof.

6. Costs ⊚⟶32(1)—Plaintiff must pay costs of suit where judgment is for defendant.

Where judgment was for defendant, costs of suit should be paid by plaintiff.

7. Costs ⊚⟶231(1)—Appellees must pay costs of appeal on amendment of judgment granting appellant relief from payment of considerable costs.

On amendment to judgment to effect that appellants were entitled to relief from payment of costs, which amounted to a considerable sum, appellees will be required to pay costs of appeal.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by Mrs. Marion Beattie and others against M. D. Dimitry and others, consolidated with a suit by Charles Schneidau against Marion Beattie and another, wherein the heirs of Marion Beattie were substituted on her death. Judgment for defendants in second cause, and, from part of judgment adverse to them in first cause, plaintiffs appeal. Appeal answered by defendants. Judgment appealed from amended and affirmed.

A. J. Murff, J. H. Levy, and Clifton F. Davis, all of Shreveport, for appellants, heirs of Mrs. Marion Beattie.

M. D. Dimitry and Albert P. Garland, both of Shreveport, for appellees, heirs of Mrs. Toombs.

W. W. Wall, of New Orleans, for Schneidau.

BRUNOT, J. Mrs. Florence A. Toombs, the aged widow of the late Arthur S. Toombs, died in the city of Shreveport, Caddo parish, on January 7, 1924, leaving an estate consisting principally of valuable real estate situated in that city and parish. The deceased left no forced heirs. On January 10, 1924, the succession was opened upon the petition of Marion Tilgham, addressed to the district court of Caddo parish, in which the petitioner alleges that she is the wife of Robert L. Beattie; that Mrs. Florence A. Toombs died testate; and she presented for probate the following purported olographic will of the deceased:

"Shreveport, La., Nov. 22, 1923,

"I give to all relatives one dollar.

"I give to Father Bertell five thousand dol-

lars and everything else I possess both property and money I give to Marion Beattie at my death, she is to be executor of estate without bond.          Mrs. Florence A. Toombs."

The prayer of the petition presenting the will is for the appointment of an attorney to represent the absent heirs and for the probate and execution of the will. The court ordered the will probated; it appointed Mr. Edward Barnett attorney to represent the absent heirs, and, on the same day the petition was filed, the will was probated, its execution was ordered, and Mrs. Marion Beattie qualified as executrix. A few days thereafter, the executrix applied to the court for an order to sell one piece of the succession property to pay debts. The court ordered the sale, all legal formalities were complied with, and the sale resulted in the property being adjudicated to Mrs. Marion Beattie for $18,000. She did not directly pay to herself, as executrix, any part of the purchase price of this property, but she mortgaged the property to Mr. Charles Horne for $13,000. Upon the receipt of that sum she disbursed it, without any order of court, by paying the special legacy of $5,000 to Father Bertell, the fee of her attorney, and the remainder she delivered to Mr. Edward Barnett, the attorney appointed by the court to represent the absent heirs. She thereafter filed her final account and prayed that it be homologated and that she be sent into possession of the estate as universal legatee. Certain heirs of the deceased, residing in the states of Arkansas, Tennessee, and Oklahoma, then employed Mr. M. D. Dimitry, an attorney and one of the defendants in this suit, to investigate the validity of the will quoted herein, supra. This attorney and Mr. Edward Barnett, as attorney for all other absent heirs, on behalf of their clients, filed an opposition to Mrs. Beattie's final account, and based the opposition upon the allegation that the will which was presented and probated was not the will of

Mrs. Florence A. Toombs. In all of the foregoing proceedings, including the filing of the final account, Mrs. Beattie had but one attorney, Mr. John Slattery. When the opposition to the final account was filed, she employed Mr. J. E. Harrington. This employment is evidenced by the following contract:

"This agreement, made and entered into on this the 4th day of April, 1924, by and between Marion Beattie, a resident of the parish of Caddo, La., party of the first part, and J. E. Harrington, likewise a resident of the parish of Caddo, La., party of the second part, witnesseth:

"Whereas, the party of the first part being desirous of obtaining the services of the party of the second part to represent her as her attorney in the litigation now pending in the succession of Florence A. Toombs, in which opposition has been filed to the final account of administrator, and certain allegations having been made as to the legality of the will of the said Mrs. Florence A. Toombs; and whereas, the party of the second part being desirous of accepting such employment and does by these presents accept such employment as attorney for the party of the first part, it is therefore agreed and understood by and between both parties hereto as follows, to wit: The party of the first part does by these presents give and grant to her said attorney the necessary authority to file any and all papers necessary and proper in the said case; to take any evidence necessary and proper, to make any amicable and extrajudicial compromise of said case which, in his opinion, would be to the advantage of his client, the party of the first part. And, finally, party of the second part is granted the right and authority to do any and all things necessary and proper to protect the interest of his client, the party of the first part. Marion Beattie, Party of First Part. J. E. Harrington, Party of Second Part."

Acting under the foregoing contract of employment, Mr. Harrington called upon Mr. Barnett and Mr. Dimitry and proposed a compromise of the impending litigation. Several offers were made and declined, but it was finally agreed that the heirs of Mrs. Toombs would relinquish all claims to her succession and would dismiss their opposition to the executrix's final account upon the payment

to them, by Mrs. Beattie, of $50,000 cash. Mrs. Beattie then employed a broker to negotiate a loan for a sum sufficient to enable her to make this payment. The broker partially failed, but he arranged for securing $42,500 net. This sum was tendered to the attorneys representing the heirs, but it was refused. After further negotiations and failures, the following proposal was accepted by all of the parties: Mrs. Beattie was to renounce all rights under the alleged will, including the office of testamentary executrix, and to purchase all of the real estate belonging to the succession of Mrs. Florence A. Toombs, from the legal heirs, for the sum of $50,000, the said sum to be represented by a promissory note, due six months after its date and secured by a first mortgage and vendor's lien upon all of the property conveyed, except the piece of real estate which was sold under an order of court to pay debts of the succession and, with respect to which property, the mortgage then resting on it in favor of Charles Horne, for $13,000, was to prime the mortgage and lien reserved thereon by the vendors. Pursuant to this agreement, Mrs. Beattie executed a notarial renunciation of all rights under the will and of the office of testamentary executrix, and the heirs of Mrs. Florence A. Toombs, deceased, sold, on terms of credit, all of the real estate belonging to the succession of the deceased to Mrs. Marion Beattie and her husband, Robert L. Beattie, for the sum and price of $50,000, the payment of which was secured by mortgage and vendor's lien upon the property, and, in all respects, the sale was made upon the terms and conditions that had been mutually agreed upon. These acts were duly recorded. Thereafter the plaintiffs filed this suit. Their petition is very lengthy, and the multiplicity of exceptions, pleas, answers, rules, etc., which followed the filing of plaintiffs' original and supplemental petitions, if considered and reviewed separately and in their order of sequence, would require volumes of space and months of this court's time. Some conception of the size of the record may be gleaned from the statement that the district court was constantly engaged in the trial of the case, to the exclusion of all other business, for approximately three months.

The relief prayed for in the original petition is for a judgment rescinding and annulling the notarial act, signed by Mrs. Marion Beattie, in which she renounced all rights claimed by her under the will of Mrs. Florence A. Toombs, and also renounced the office of testamentary executrix; for a judgment avoiding and annulling the sale by which the heirs of Mrs. Toombs conveyed to Mrs. Marion Beattie and Robert L. Beattie all of the real estate belonging to the succession of Mrs. Toombs, and avoiding and annulling the mortgage and vendor's lien reserved thereon to secure the payment of the purchase price of the property; for a judgment ordering the cancellation and erasure from the records of Caddo parish of both of said acts; and, for a judgment annulling, avoiding, and ordering the return of the notes executed by the plaintiffs and identified with the said sale and mortgage.

The substance of the petition is that Mrs. Marion Beattie was induced to enter into the agreement to compromise the threatened litigation involving the validity of Mrs. Toombs' will, because she was misled and deceived by false representations made to her by counsel for the heirs of Mrs. Toombs and by misplaced confidence in Mr. J. E. Harrington, the attorney who represented her in the negotiations leading up to that agreement, and that she signed the acts of renunciation and sale contemplated by the compromise agreement under compulsion, duress, and coercion. There is also an allegation that the act of sale was fraudulently antedated.

Following service of the original petition upon defendants, plaintiffs filed an amended

and supplemental petition, to which they attached the will of Mrs. Toombs, the proceedings of court thereon, and the judgment probating the will. The powers of attorney, given by the vendors of the property, authorizing the execution of the deed plaintiffs seek to annul, are also attached thereto. This supplemental petition corrects certain erroneous descriptions of property contained in the original petition and alleges that Mrs. Marion Beattie has been damaged by the defendants, M. D. Dimitry, J. E. Harrington, and Edward Barnett, against whom she prays for a judgment, in solido, for $10,000 for mental agony and humiliation. On the same day the supplemental petition was filed, plaintiffs recorded a notice of lis pendens.

The heirs of Mrs. Toombs excepted to the jurisdiction of the court ratione personæ, but later they, together with M. D. Dimitry, filed a joint answer to the suit in which they admit that Mrs. Toombs was 70 years old; that she died on the date alleged in the petition; that she left neither ascendants nor descendants; that the purported will was duly probated; and that the executrix's account was filed and opposed. Several other related facts are admitted, in part, but the answer joins issue upon all other material allegations of both the original and supplemental petitions; and in their answer these defendants plead estoppel. Edward Barnett, one of the defendants, answered separately. His answer contains practically the same admissions and denials of fact which are made in the answers of his codefendants, except as to the averments of the petition which do not form a part of the alleged cause or right of action against him.

J. E. Harrington moved to strike out certain allegations of the petition. He then filed two exceptions, one of misjoinder of parties and causes of action, and the other of no cause or right of action; he also applied for a bill of particulars; and, finally, he filed

162 La.—19

an answer and reconventional demand for $50,000 for false, defamatory, and injurious charges made against him in plaintiffs' petition. This defendant's answer to the allegations of the petition is similar to the answers filed by his codefendants as to the averments of fact, which they admit or deny.

Thereafter rules to show cause with respect to the admission of depositions, taken under commission, to set aside the court's order directing that the case be tried by a jury, to make proper parties, because Mrs. Marion Beattie and one of the defendants had died since the institution of the suit, were filed and disposed of, and the court ordered a judicial sequestration of the property involved in the suit. All of the foregoing pleadings were filed between May 7, 1924, and March 12, 1925.

On June 2, 1924, Charles Schneidau, alleging himself to be the owner, for a valuable consideration, before maturity, and in due course, of the mortgage note for $50,000 executed by Marion Beattie and Robert L. Beattie, and representing the purchase price of the property conveyed to them by the heirs of Mrs. Toombs, filed a suit in which he prayed for an order of executory process and for the seizure and sale of the property to pay said mortgage note. The order of executory process issued, but, before the service of notice to pay, the court revoked the order. Thereafter Charles Schneidau proceeded via ordinaria. Plaintiffs then filed a second supplemental petition in which they had Charles Schneidau cited as a party defendant in their suit. This defendant's answer is, in effect, a repetition of the admissions and denials made in the answers filed by his codefendants.

Several motions and rules followed, which the court disposed of, over the objections of opposing counsel. The court denied any of the defendants a severance and separate trial; it ordered the cases No. 37509 (Marion

Beattie et al. v. M. D. Dimitry et al.) and Charles Schneidau v. Marion Beattie et al. consolidated; and it ordered that the consolidated cases be tried by a jury. There were other rules, exceptions, etc., filed by the litigants during the progress of the trial to which we have not referred because they relate to incidental matters which do not affect the decision of the case, but, after the trial had progressed for some days, the heirs of Mrs. Toombs filed the following amended answer:

"Now into this honorable court come all the defendants in this cause, save and except M. D. Dimitry, J. E. Harrington, Edward Barnett, and Charles Schneidau, and on suggesting to the court that the question of the genuineness or forgery of the purported last will and testament of Mrs. Florence A. Toombs has been put at issue, both by the pleadings and the evidence offered in the trial of this case, and on further suggesting to the court that, therefore, in order to avoid a multiplicity of suits, in the event it should be decided in this cause, and only in that event, that the sale made by defendants to Marion Beattie and R. L. Beattie should be set aside for any reason whatever, then it should also be decided in this cause, whether the purported last will and testament of Mrs. Florence A. Toombs is genuine or forged for all purposes, and in the event that same is held to be invalid, defendants should be recognized as the only heirs of Mrs. Florence A. Toombs and as such sent into possession of all the property belonging to the succession.

"For the above reasons, defendants pray that they be permitted to amend the prayer of the original answer herein filed by them, so as to read as follows, to wit:

"Wherefore defendants pray that plaintiff's suit be dismissed, and in the alternative only, should the court hold that the sale by defendants to Marion Beattie and R. L. Beattie should be set aside for any reason whatsoever, then and in that event that the purported last will and testament of Mrs. Florence A. Toombs be decreed illegal, invalid, null, and void as not having been entirely dated, written, and signed by the said Mrs. Florence A. Toombs, and that defendants be recognized as the heirs at law of the said Mrs. Florence A. Toombs, and as such be sent into possession of the property belonging to her succession."

[1] We shall omit any further recital of the lengthy petitions and answers because the allegations thereof are averments of fact or denials thereof which the jury has adjudged, and the trial court has approved the verdict. We have repeatedly held that a jury's finding of fact, when approved by the trial judge, will not be disturbed unless it appears that the finding was manifestly erroneous. The jury found that the alleged will of Mrs. Florence A. Toombs was a forgery; that the deed, mortgage, notes, and renunciation, which plaintiffs seek to avoid, are null; it rejected the plaintiff's demand for damages and Charles Schneidau's demand for a judgment against plaintiffs and for recognition of the mortgage executed by them. Our examination of the numerous exhibits in the record and our reading of the many volumes of testimony leads us to the conclusion that the proof, as a whole, supports the verdict rendered. The verdict is in the following words:

"We, the jury, in the case No. 37509, Beattie et al. v. Dimitry et al., find the following: Judgment for plaintiffs decreeing will to be a forgery, but annulling deed, mortgage, notes, renunciation, and rejecting plaintiff's demand for damages.

"We, the jury, in the case No. 38694, Schneidau v. Beattie et al., find the following: Verdict for defendant, rejecting plaintiff's demand."

Basing its judgment upon the verdict of the jury, the court rendered the following decree:

"It is therefore ordered, adjudged, and decreed that, in suit of Marion Beattie et al. v. M. D. Dimitry et al., No. 37509 of the docket of this court, there be judgment in favor of plaintiffs annulling the deed from Michael Matthew Bringle and others to Marion Beattie and Robert L. Beattie, which is recorded in Conveyance Book 196, page 455, and the act of mortgage granted by said vendees to said vendors, which is recorded in Mortgage Book 110, page 733, of the clerk of court's office of the parish of Caddo, La., and the note for $50,000, executed by Marion Beattie and Robert L. Beattie in favor of themselves and by them indorsed in blank and paraphed 'Ne Varietur' by Edward Barnett, notary public, to identify it with the above-mentioned act of sale and mortgage, the note for $10,000 executed by Marion Beattie

BEATTIE v. DIMITRY

and Robert L. Beattie, in favor of themselves and by them indorsed in blank, and paraphed 'Ne Varietur' by Edward Barnett, notary public, to identify it with the above-mentioned act of sale and mortgage, and the renunciation of the succession of Mrs. Florence A. Toombs, executed by Marion Beattie, before Edward Barnett, notary public, on April 15, 1924, and recorded in Conveyance Book ——, page ——, of the clerk of court's office of Caddo parish, La.:

"It is further ordered, adjudged, and decreed, that, in said suit, plaintiff's demand for damages against J. E. Harrington, Edward Barnett, and M. D. Dimitry be and the same is hereby rejected.

"It is further ordered, adjudged, and decreed that, in said suit, the purported last will and testament of Mrs. Florence A. Toombs be and the same is hereby declared a forgery.

"It is further ordered, adjudged, and decreed that in suit of Charles Schneidau v. Marion Beattie et al., No. 37694, of the docket of this court, there be judgment in favor of defendants rejecting plaintiff's demand.

"It is further ordered, adjudged, and decreed that the costs of both of said consolidated cases are to be added, and the total of costs in both cases is to be divided, and one-half of all such costs is to be paid by the plaintiffs in suit of Marion Beattie et al. v. M. D. Dimitry et al., and the remaining one-half of such costs to be paid by the defendants in such suit, save and except J. E. Harrington, Edward Barnett, and M. D. Dimitry."

From that part of the judgment, decreeing the purported will of Mrs. Florence A. Toombs to be a forgery and rejecting plaintiffs' demand for a judgment against M. D. Dimitry, J. E. Harrington, and Edward Barnett for damages and costs, and that part of the judgment prorating the costs and assessing one-half thereof to plaintiffs, the heirs of Marion Beattie and Robert L. Beattie appealed, but, before doing so, they moved the court to strike out that part of the verdict decreeing the will to be a forgery. The heirs of Mrs. Florence A. Toombs have answered the appeal. They allege that the judgment is erroneous in not recognizing the appearers-as the legal heirs of Mrs. Florence A. Toombs and in not sending them into possession of her estate, as such; that the verdict and judgment erroneously cancel the renunciation executed by Mrs. Marion Beattie; and that the judgment erroneously taxes these defendants with one-half of the costs. They pray that the judgment be amended in these respects, and, as thus amended, that it be affirmed.

Charles Schneidau also answered the appeal. He alleges that the court a quo erred in ordering the Beattie-Dimitry and the Schneidau-Beattie Cases consolidated; that it erred in rejecting Charles Schneidau's demands, on the ground that the will was a forgery, for, in that event, the sale was valid, and he should have judgment against the vendees for the amount of the mortgage note, with interest and costs; and that the court erred in assessing one-half of the costs to him.

Appellants moved to strike out two paragraphs of the answer to the appeal, filed by the heirs of Mrs. Toombs, for the reason that no appeal was taken "from the verdict and judgment as to the matters referred to in said paragraphs." They also filed an exception of no cause or right of action in the appellees to have that part of the judgment appealed from which declares the will of Mrs. Florence A. Toombs a forgery, sustained, because that part of the judgment was rendered without making the succession and legatees parties to the suit, and because the failure of the judgment to recognize the appellees as the heirs of Mrs. Toombs was equivalent to a rejection of their claim as heirs.

[2] No appeal was taken from the verdict and judgment rendered in No. 27933, Charles Schneidau v. Marion Beattie et al.; therefore the issues involved in that suit are not before us. For the same reason, the judgment avoiding the renunciation and the sale, mortgage, and notes identified therewith, and taxing defendants with one-half of the costs, is final, and defendant cannot, by way of an-

swer to the appeal, revive those issues in this court.

[3] The serious questions presented are whether or not the trial judge properly exercised his discretion in permitting defendants to amend their answer during the progress of the trial, and, whether or not a will can be successfully attacked when the succession and one of the legatees are not made parties to the suit. Under ordinary circumstances, either of these contentions, if supported by the record, would be fatal to the cause, but all man-made rules have their limitations. Therefore, the sole question, as we see it, is, Does this case present such exceptional features as will exclude it from the operation of the rule? We think it does. The plaintiffs themselves made the validity of the will an issue in the cause. Their allegations of fraud, coercion, and duress are dependent entirely on the genuineness of the will, and they therefore undertook to prove its validity. The defendants were cited to answer their petition, and defendants have met the allegations and proof offered by plaintiffs in support of the validity of the will by countervailing allegations and rebutting proof, and they have so successfully done so as to convince the jury and the trial judge. It must be remembered that defendants have not attacked the will by direct suit. Had they brought such an action and omitted to cite the legatees, their suit would have been dismissed upon the authority of Cloutier v. Le Comte, 3 Mart. (O. S.) 481; Valsain v. Cloutier, 3 La. 176, 22. Am. Dec. 179; Grubb v. Henderson, 6 La. 51; Succession of Barber, 52 La. Ann. 960, 27 So. 363; Ingram's Heirs v. Stokes et al., 10 La. 26; Maskell v. Roussel, 5 Rob. 500; Succession of Lacosst, 139 La. 837, 72 So. 373; Succession of McMahon, 143 La. 644, 79 So. 175.

[4] The interests of justice demand and jurisprudence recognizes that, where issues are raised involving questions of fraud or forgery, the widest latitude is offered to the litigants to properly present the issues and to establish the facts. Courts will not lightly hold the victim of a fraud or forgery in a strait-jacket at the behest of the perpetrator and beneficiary thereof. Such a litigant violates the rule that, "He who seeks equity, must do equity." As we see it, the plaintiffs have been hoisted by their own petard.

Counsel for appellants contend that the question of the validity of the will was only incidental to the main issue before the court and after this issue had performed its function it disappeared from the case. Plaintiffs raised the issue. In fact, they were compelled to do so, if not for all purposes of the suit, at least, for the purpose of maintaining their allegations of coercion and duress and their demand for damages. It is therefore apparent that the validity of the will became a primary issue in the case, and, from that part of the judgment which declared it a forgery and which rejected plaintiffs' demand for damages, they appealed.

[5] None of the authorities cited by appellants have application where the pleadings and facts are such as we find them to be in this record. In support of the allegations of the petition, plaintiffs offered testimony to establish the validity of the will. In rebuttal of that evidence and under the prayer of the answer for general relief, defendants were permitted by the court, over plaintiffs' objection, to offer proof of the forgery of the will. We think the ruling was correct. We also think that, under the prayer for "general relief," in view of the fact that plaintiffs found it necessary and attempted to establish the validity of the will, defendants were entitled to a judgment on that issue. If we are correct in this conclusion, plaintiffs' objections to the supplemental answer filed by the heirs of Mrs. Toombs, and which we have quoted, supra, need not be considered.

[6, 7] On the question of costs, the trial

judge added the cost of both of the consolidated cases and assessed one-half of the total costs to plaintiffs and one-half to all of the defendants, except M. D. Dimitry, J. E. Harrington, and Edward Barnett. Of this cumulation and assessment of costs, appellants complain. In the case of Schneidau v. Marion Beattie et al., the judgment was for the defendants, and the costs of that suit should be paid by the plaintiff in that suit. Appellants appealed from that part of the judgment, and they are entitled to relief from the payment of those costs, but, in all other respects, the judgment should be affirmed. For these reasons the judgment appealed from is amended by taxing the plaintiff in the case of Charles Schneidau v. Marion Beattie et al. with the costs of that suit, and, as thus amended, the judgment is affirmed. From the record, it is evident that the costs incurred in the Schneidau-Beattie Case are no inconsiderable sum, and our amendment of the judgment in that respect is a material change thereof. It is therefore ordered that appellees pay the costs of this appeal.