The opinion of the court was delivered by
Blanchard, J.
George Grover died in the city of New Orleans on November 5, 1896.
Four days later Henry Grover, or, as he calls himself, Henry Bowman, and claiming to be the son of George Grover, filed a petition in the District Court for the probate of a nuncupative will under private signature, dated August 14, 1896.
This will bequeathed certain property to Henry Bowman, who was, as the will states, christened Henry Grover.
It bequeathed certain other property to the children of Mrs. Harriet Valentine, born Grover, residing in New York.
And, lastly, it bequeathed a third piece of real property to Mrs. Rosa Clifford.
On tne same day — a half hour later — Mrs. Louise Grover, widow by second marriage of George Grover, presented a petition to the same court for the probate of a second and later will of the said George Grover. This will was dated August 21, 1896, and was in the nuncupative form by public act.
It recited that the testator left neither ascendants nor descendants, revoked all former wills, and instituted the wife, Louise Grover, universal legatee, naming her executrix with seizin.
Immediately on the presentation of this second will Henry Bowman filed a petition opposing its registry and execution, on the ground that it was void, because at the date of its execution the *1052 testator had become so enfeebled by disease as not to be of sound mind and memory. It further opposed its execution and registry because not dictated to the notary by the testator, nor written by the notary as dictated, “ all at one time and without turning aside to other acts.” The prayer of this petition was that the will be annulled and that the other will of August 14 be decreed to be the last will and testament of the deceased.
Should this be denied, it prayed, in the alternative, that the petitioner (Henry Bowman) be recognized as the son and forced heir of George Grover, that the bequest made to Mrs. Louise Grover be reduced to the disposable portion, and that he (Henry Bowman) be put in possession of the part of the estate coming to him as forced heir.
An inventory was taken showing the estate to be of the estimated value of sixteen thousand seven hundred and eighty-three dollars and seventy-five cents.
There was a bank box on deposit in the vault of one of the city banks in the name of Mrs. Louisa Grover. Its contents were not included in the inventory. Whereupon Henry Bowman took a rule upon the widow to show cause why this box should not be opened and its contents inventoried, and secured an order restraining the bank from delivering the box to her.
On the same day the widow took a rule on Bowman to show cause why he should not furnish security in the sum of one hundred dollars to cover his costs in the proceedings. On the trial of this rule Bowman was ordered to furnish within two days bond or other security to cover costs, and, in default thereof, that his opposition be dismissed as in case of non-suit.
In obedience to this order, on December 10, he filed a bond for costs in the sum of one hundred dollars.
Five days later Mrs. Grover took a second rule on him to show cause why his proceedings should not be dismissed on the ground that he had not furnished bond for costs with good and solvent security. This rule was fixed for hearing on December 21, but was continued, and came up for trial January 11, 1897. When tried the surety on his bond for costs was found insufficient, and Bowman was given one week in which to furnish further security. He did ‘not furnish the additional security, and the minutes of the court show that the time was extended and the matter continued over from week *1053 to week until March 8, 1897, on which day it came up for trial, and Bowman having failed to give a sufficient bond for costs, all his proceedings taken in the cause were dismissed as in case of non-suit. And the minutes of the court of the next day, March 9, show that the case non-suited was ordered stricken from the docket. This judgment, rendered on March 8, was formally signed March 12, 1897.
Besides dismissing as of non-suit the petition and opposition of Henry Bowman, asking nullity of the will of August 21, and, in the alternative, asking to be recognized as the son, and forced heir of George Grover, it dismissed, also, his rule for inventory of contents of bank box deposited in name of the widow, and rescinded the order of the court restraining the bank from delivering the box to her.
We find in the record a second judgment, or order, dated March 12, 1896, directing the will of August 21 to be approved, recorded and executed, and recognizing the widow as executrix.
We find no formal judgment dismissing Bowman’s petition to probate the will of August 14, though in his petition for appeal he asserts there is, and takes an order of appeal from it. The practical effect, however, of the recognition and approval of the will of August 21, in favor of the widow, was to reject the will of the earlier date and to dismiss the proceedings for probate thereof.
After Bowman had been eliminated from the, case as above, the widow presented a petition setting forth that the will under which she claimed had been probated, and announcing her willingness to accept the bequest made in her behalf. Alleging that there were no debts, no descendants or ascendants, and that no administration was necessary, she prayed to be recognized as universal legatee under the will, and sent into possession of the property of the estate. On March 16, 1897, judgment in accordance with the prayer of this petition was rendered and signed.
From the three judgments rendered as above Henry Bowman appeals.
We are met at the threshold by the inquiry: Was theré legal sanction for the order of the judge below requiring Bowman to give bond with security for costs under penalty of the dismissal of his proceedings as in case of non-suit should he fail to do so within the time fixed?
*1054 If we find there is legal sanction for this order, and that it was properly entered, then, obviously, the judgments appealed from must be affirmed, leaving to Bowman the right, under the non-suit, on payment of the costs of his first proceeding, to recommence his attack on the will of August 21, 1896, under which the widow claims; to renew his demand, in the alternative, for recognition as the son and forced heir of George Grover, deceased, with the right to have taken a full inventory of the property and effects of the succession, or to sue to establish, have recognized and probated the will of August 14, 1896, under which he claims.
The judgment of dismissal, as in ease of non-suit, entered up against him, cuts him off finally from none of these demands.
If we find there is no legal sanction for the order requiring him to give security for costs and dismissing his proceedings because it was not given, then, obviously, all that can be done would be to reverse the judgments appealed from and remand the case for trial anew in the court below.
Certainly, this court could not, as insisted upon by appellant’s counsel, pass finally upon issues not decided in the court below because of dismissal of the pleadings raising the same.
We find there was legal authority for the order requiring Bowman to give security for costs, and for the judgment dismissing his proceedings as in the case of non-suit on his failure to do so within the time fixed. Sec. 4 of Act No. 136 of 1880.
Bowman was plaintiff in a proceeding opposing not only the registry and execution of the will under which the widow claimed, but seeking its annulment. The prayer of his petition was that the will of August 21 be annulled and that the will of August 14 be decreed the last will and testament of the deceased. In the same petition he sued for recognition as son and forced heir and entitled to his share of the estate, should the will of August 21 be sustained. How then can it be claimed he was only a defendant opposing the prayer of the widow for registry and execution of the will under which she claimed? '
This contention, made for the first time by his counsel in this court, must be considered as made only for the purpose of avoiding the express terms of Sec. 4 of Act 136 of 1880. It can not be sustained. Being plaintiff in. the proceeding filed by him, Bowman was properly ruled to give security for costs, and failing to give such security he was properly dismissed.
*1055 Besides Ifc is too late now for him to object to the order requiring security for costs. He does not appear to have objected in the court below. There is no protest, no bill of exceptions. On the contrary, he acquiesced in the order by executing, or attempting to ■execute it. He filed a bond for costs in obedience to the order, which was rejected for insufficiency of the surety. Time was given him to furnish another surety, and extended from time to time for weeks, and still he defaulted.
One who acquiesces m, can not appeal from, an order or judgment.
Nor will it do for him to urge in this court his inability to give this bond for costs in the court below in the sum of one hundred dollars, when there appear in the two transcripts filed in this case two appeal bonds, one in the sum of two hundred and fifty dollars, the other in the sum of fifty dollars — each with good and solvent sureties.
If he could give sufficient security for three hundred dollars to cover .costs of appeal, it would seem he might have found solvent sureties for a bond for one hundred dollars to cover costs in the court below. The courts are not to be trifled with in this way.
The fact that, pending the time allowed Bowman to furnish a good bond for costs and before the rule was made absolute dismissing him because it was not so furnished, the case was proceeded with, evidence adduced and a time fixed for the argument, does not operate as a waiver of the order requiring him to give the bond and security. There has been no submission of the ease; the trial was not yet ended; the argument was yet to be had, and it was at the instance of counsel for Bowman that it was continued to a later day for'argument. Before that day was reached, the rule to dismiss for want of bond for costs came on for trial as per previous assignment, was tried and the order of dismissal entered.
Thereafter, when the day fixed for the argument came around, there could be no argument, for the opposition was no longer before the court.
Counsel for Bowman urges that Sec. 4 of Act 138 of 1880, authorizing the requirement of bond and security for cost, is in conflict with Art. 11 of the Constitution, which declares that the courts shall he open to every person for redress of the injury done him in his rights, lands, goods, person or reputation, etc. There is no force in this contention. The requirement of security for costs is not an *1056 unreasonable one and is prohibited by neither the letter or spirit of that article.
The judgments appealed from must be affirmed and that decree is hereby entered.