ROGERS, Justice.
 

 On June 18, 1926, in the succession of William Edenborn, the First judicial district court for the parish of Caddo rendered and signed a judgment recognizing Mrs. Sarah Drain Edenborn as the widow in community and sending her into possession of the community estate. The judgment also recognized E. Otto Mann and August E. Mann as the nephews and Mrs. Emma Mann Logan and Mrs. Lena M. Wigton as the nieces of the decedent, with reservation of their rights to his separate estate, if any. The nephews and nieces of the decedent and the inheritance collector were parties to the judgment and to the proceedings leading up to its rendition.
 

 On January 25, 1933, this suit was filed in the First judicial district court for the parish of Caddo by E. Otto Mann against Mrs. Sarah Drain Edenborn, asking for the annulment of the judgment of recognition and possession rendered and signed in the succession of William Eden-born on June 18, 1926. On the same day in the same court a similar suit was filed against the same defendant by Mrs. Emma Mann Logan. August E. Mann and Mrs. Lena M. Wigton instituted separate suits against Mrs. Sarah Drain Edenborn in the federal District Court, in which suits, on similar demands, plaintiffs seek the same relief as is sought by the plaintiffs in the suits in the state court.
 

 Mrs. Edenborn filed an exception of nonjoinder of necessary parties in the suit brought against her by E. Otto Mann. The plea, after hearing thereon, was sustained so far as plaintiff’s demand to annul the judgment in the succession of William Edenborn is concerned. From that judgment the plaintiff, E. Otto Mann, has appealed.
 

 The defendant, Mrs. Edenborn, has moved to dismiss the appeal, on. the ground that the appeal is from an inter
 
 *157
 
 locutory judgment, not from a final judgment, and that the interlocutory judgment is not alleged to, and does not in fact, cause the appellant any irreparable injury or damage.
 

 We think the motion to dismiss must prevail. The Code of Practice defines definitive or final judgments as follows: “Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata.” Code Prac. art. 539. The Code of Practice also defines interlocutory judgments as follows: “Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings.” Code Prac. art. 538.
 

 The judgment appealed from is not a final judgment, because it leaves undecided the main demand. Not being decisive of all points in controversy, it would not support a plea of res judicata. This is so because it is a judgment on a preliminary matter in the course of the proceeding. The fact that the judgment was signed cannot change it from an interlocutory to a final judgment. Feitel v. Feitel, 169 La. 384, 125 So. 280, and' authorities cited.
 

 And it is clear that the judgment appealed from is not such a judgment as may work irreparable injury. When the final judgment to be rendered by the district court comes before this court for review, the court in its decree can restore the parties, without loss of any right under the pleadings, to the identical position which they respectively occupied before the interlocutory judgment complained of was rendered. Feitel v. Feitel, supra.
 

 Appellant, in his brief, concedes that the authorities support appellee’s contention. He states that he appealed from the interlocutory judgment merely as ’ a matter of prudence. And, with the further statement that as a dismissal of the appeal on defendant’s motion on the ground the judgment is merely interlocutory will effectually conclude the defendant from contending the contrary later, appellant submits the matter.
 

 For the reasons assigned, the appeal is dismissed.
 

 O’NIELL, C. J., absent.