Plaintiff, a licensed realtor, seeks to hold W.E. Hall, the defendant, responsible to him for commissions allegedly due him for procuring purchasers of one thousand six hundred twenty (1,620) acres of land in Bossier Parish, owned jointly by the defendant and nine other persons. Defendant is sought to be held liable for the commissions on the theory that in dealing with plaintiff and employing him to find a purchaser of the property, he failed to disclose that he was acting as agent, and, therefore, did not disclose the identity of his principals.
Defendant in limine litis tendered an exception of non-joinder. He alleged therein that he did disclose to plaintiff his agency and the names of those whom he represented at the time of the transactions upon which plaintiff's alleged right to the commissions is based. The names of all persons for whom he says he was acting in dealing with plaintiff are set forth in the exception. He prayed that plaintiff be ordered to amend his petition and implead the named co-owners. Testimony was adduced on trial of the exception which consisted only of that of plaintiff and defendant. Some documentary evidence was introduced. The exception was sustained and plaintiff was allowed fifteen days in which to amend and implead the nine parties above mentioned. This was in effect an order to amend or suffer dismissal of the suit. Application for rehearing was denied. After the lapse of the fifteen days given plaintiff to amend, he not having done so, defendant moved for a dismissal of the suit on the ground that plaintiff had not complied with the court's order. This motion was sustained and formal judgment dismissing the suit as of non-suit was signed. Plaintiff appealed from this judgment.
The contention of the appellant in this court is directed almost entirely against the court's ruling on the exception. He argues the merits of that exception at length, citing and quoting from authorities relevant to the question of undisclosed agency. He also argues that regardless of who else might be responsible to him on commissions account, he has the right to sue the defendant for the full amount of same and if he is not responsible therefor, he, the defendant, has the right to so plead and defend; that he, appellant, has the right to sue whom he desires and should not be forced to implead anyone he does not wish to sue in order to have his rights against defendant adjudicated. Of course, all of his argument bears upon the merits of the exception.
Appellee argues, firstly, that the ruling on the exception is not before the court because, *Page 133 
if for no other reason, no judgment was signed pursuant to the ruling; and, secondly, that the judgment from which he appealed dismissed the suit because appellant refused to comply with the court's order; that it was optional with the appellant as to whether he would comply with the order of the court or have his suit dismissed.
[1, 2] The exception of non-joinder is a dilatory one. It has to do with procedure. Its function is not to work dismissal of a pending suit, but simply to retard its progress. Code of Practice, Article 332. The judgment that sustained the exception of non-joinder is interlocutory in character from which there is no appeal as it does not decide on the merits nor does it work irreparable injury. Code of Practice, Articles 538 and 566. Mann v. Edenborn, 185 La. 154, 168 So. 759.
[3] Neither the merits of the exception nor the correctness of the court's ruling thereon was brought up by the present appeal. These questions are not now before us. The sole question tendered by the appeal concerns the right and power of the lower court to dismiss the suit, as was done, because its order to amend within a definite period was not obeyed by the appellant.
When the exception was sustained and plaintiff allowed fifteen days in which to amend, there were two possible courses for him to follow in order to procure a ruling on the merits of the exception, to-wit:
[4] By excepting to the court's ruling, and, under proper reservation, complying therewith, or to ask the Supreme Court to review such ruling. If the former course had been followed the ruling on the exception could have been brought to this court on an appeal by plaintiff after judgment on the merits, or by answering an appeal taken by defendant. But, as said heretofore, since neither course was taken and the suit has been dismissed, the merits of the exception cannot now be made the subject of review or inquiry.
[5, 6] The power of a court to enforce its lawful orders is inherent. But for this power, business before it would often become congested, its functions impaired, and the speedy justice guaranteed by the Constitution to litigants largely denied. Generally, the penalty visited upon a litigant for not complying with a court's order that has to do with procedure is a stay of proceedings or dismissal of his suit as of non-suit. This latter action restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint.
[7] The right and power of a court to order a litigant to perform some action, procedural in character, and on his refusal so to do, to dismiss his suit, is well fixed and recognized in the juprisprudence of this state. In the case of St. Charles Street Railway Company v. Fidelity Deposit Co. of Maryland, Ltd. et al., 109 La. 491, 33 So. 574, 576, the court said: "A person acting in his individual capacity has a right to determine for himself whom he will sue, and though the court in which it is brought may conclude that the action cannot be maintained as against the defendant whom the plaintiff has selected, or that it cannot be maintained as against such defendant without joining other parties as co-defendants, and, so holding, may dismiss it, or may leave it optional with the plaintiff to make the proper parties, or else go out of court, * * *."
This holding of the court was quoted with approval in Succession of McMahon, 143 La. 644, 79 So. 175. Like action was taken by the trial court in the following cases and upheld by the Supreme Court, to-wit: Succession of Grover, 49 La. Ann. 1050, 22 So. 313; Curtis v. Jordan et al., 110 La. 429, 34 So. 591.
Pertinent to this discussion are the following cases, to-wit: Francis v. Blache, La. App., 17 So.2d 29; Interstate Electric Company v. Interstate Electric Company of Shreveport, Inc., La. App., 6 So.2d 39.
For the reasons herein given, the judgment appealed from is affirmed with costs. *Page 134