147 So.2d 724 (1962)
Russell LA FLEUR, Plaintiff-Appellant,
v.
Percy DUPUIS, Defendant-Appellee.
No. 701.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Simon & Trice, by Phil Trice, Lafayette, for plaintiff-appellant.
Domengeaux & Wright, by Fredric Hayes, Lafayette, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
FRUGÉ, Judge.
This is an appeal from a ruling dismissing plaintiff's suit by reason of his refusal to amend his petition in conformity to the trial court's ruling sustaining defendant's exception of vagueness.
On March 22, 1962, plaintiff filed suit against defendant based upon libel and invasion of privacy. On May 2, 1962, defendant filed an exception of vagueness, containing some 25 specifications as to the alleged insufficiency of plaintiff's petition. The trial court maintained ten of the alleged specifications of vagueness and the exception was sustained and plaintiff allowed fifteen days in which to amend his petition. This was in effect an order to amend or suffer dismissal of the suit. Plaintiff's counsel having informed the court that he declined to amend as directed; the trial court entered a formal judgment dismissing the suit.
The contention of the appellant in this court is directed almost entirely against the *725 trial court's ruling on the exception of vagueness. Appellee, on the other hand, argues that the ruling on the exception is not before the court because the judgment that sustained the exception of vagueness is interlocutory.
The exception of vagueness is a dilatory one. Its function is not to work dismissal of a pending suit but simply to retard its progress. LSA-C.C.P. Art. 923. Furthermore, the judgment that sustained the exception of vagueness is interlocutory in character from which there is no appeal as it does not decide on the merits of the case nor does it work irreparable injury. LSA-C.C.P. Art. 2083; Mann v. Edenborn, 185 La. 154, 168 So. 759.
Whether the merits of the exception or the correctness of the trial court's ruling thereon was brought up by the present appeal was considered in the case of Neal v. Hall, La.App., 28 So.2d 131. Therein the court stated:
"Neither the merits of the exception nor the correctness of the court's ruling thereon was brought up by the present appeal. These questions are not now before us. The sole question tendered by the appeal concerns the right and power of the lower court to dismiss the suit, as was done, because its order to amend within a definite period was not obeyed by the appellant."
We are also of the opinion, in the case at bar, that the merits of the exception of vagueness is not subject to review by this court, except in case of an abuse of discretion by the trial court.
The remaining issue concerns the right and power of a court to order a litigant to perform some action, procedural in character, and on his refusal so to do, to dismiss his suit. The power of a court to enforce its lawful orders is inherent and well recognized under the Code of Civil Procedure and jurisprudence of this state. LSA-C.C.P. Art. 933; St. Charles Street Railway Company v. Fidelity & Deposit Co. of Maryland, Ltd., et al., 109 La. 491, 33 So. 574; Succession of McMahon, 143 La. 644, 79 So. 175; Neal v. Hall, supra. This action restores matters to the status occupied before the suit as instituted and leaves the party free to again come into court with his complaint. In the case at bar, we find no abuse of discretion in the trial court's judgment of dismissal. However, we are of the opinion that such dismissal should be without prejudice, and therefore amend the judgment accordingly.
For the reasons assigned, the judgment of the trial court is affirmed, insofar as it dismisses plaintiff's suit, but amended so as to dismiss plaintiff's suit without prejudice; plaintiff to pay all costs of this appeal.
Amended and affirmed.