151 So.2d 718 (1963)
Mary BOGAN as Tutrix of and for the use and benefit of Calvin Reed, Plaintiff and Appellant,
v.
Emmette Charles BYROM, Defendant and Appellee.
No. 812.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
*719 Rogers & McHale, by Jack Rogers, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by Thomas L. Raggio, Lake Charles, for defendant-appellee.
Before FRUGÉ, TATE and HOOD, JJ.
HOOD, Judge.
This is an action for damages arising out of a motor vehicle collision. The suit was instituted by Mary Bogan, in her alleged capacity as "mother of and tutrix of Calvin Reed, a minor, and for the use and benefit of said minor." The trial court sustained an exception of "Lack of Procedural Capacity" filed by defendant, and allowed plaintiff a period of time within which to substitute the proper parties. Plaintiff failed to make the required substitution within the time allowed, and thereafter judgment was rendered by the trial court dismissing the suit. Plaintiff has appealed from that judgment of dismissal.
The record shows that this suit was instituted on May 10, 1962, being one of four suits arising out of the same motor vehicle collision. In her petition plaintiff alleges that she was divorced from the father of her minor son, Calvin Reed, that she had received the custody of the minor in the divorce proceedings and that the boy lives with her. On May 25, 1962, defendant filed a dilatory exception of lack of procedural capacity, based on the ground that Mary Bogan had never been appointed and qualified as tutrix for her minor son, Calvin Reed, and accordingly that plaintiff lacked the procedural capacity to sue for and in his behalf.
All four of the cases arising out of this accident were consolidated for trial, and in May or June, 1962, the trial of all of these consolidated cases was scheduled to be held on December 3, 1962. Some of the consolidated cases, including this one, were to be tried by jury.
On October 18, 1962, judgment was rendered by the trial court sustaining the exception of lack of procedural capacity which had been filed by defendant, and plaintiff was allowed until 5:00 p. m. on November 18, 1962, within which to either emancipate the minor and substitute him as plaintiff, or to have a tutrix appointed for him and to substitute the tutrix as a proper party. Plaintiff did not comply with either of these requirements, so on December 3, 1962, being the day on which all of the consolidated cases were scheduled for trial, *720 defendant formally moved that this suit be dismissed. At about the same time, on December 3, 1962, counsel for plaintiff filed a motion to substitute Calvin Reed as a party plaintiff, and he attached to that motion a certified copy of a decree which had been rendered in another parish on November 29, 1962, emancipating the said Calvin Reed. The court, however, refused to permit the substitution at that time and judgment was rendered and signed dismissing the suit, with prejudice, at plaintiff's costs. The court then on the same day proceeded with the trial of the other cases which had been consolidated with this one for trial.
Counsel for plaintiff explains in his brief that the amended pleadings were not filed within the time allowed because Calvin Reed was in the Armed Forces of the United States and that he was placed on an alert basis for a two-week period during that time. Neither plaintiff nor her counsel, however, applied for a continuance or for an extension of time within which to amend the pleadings at any time before the suit was actually dismissed.
Plaintiff contends that the trial court erred in the following particulars: (1) in not allowing the substitution of parties, "once it was possible to accomplish the emancipation;" (2) in failing to hold that a mother who receives the permanent custody of her minor child in a divorce proceeding has sufficient legal capacity to file and prosecute claims for damages on the minor's behalf; and (3) in failing to hold that wages earned by the minor belong to the mother who has custody, and accordingly, that the mother has the right to litigate the claim for wages.
The exception of lack of procedural capacity is a dilatory one, and the judgment sustaining that exception and allowing plaintiff time within which to amend is interlocutory in character, from which judgment there is no appeal. LSA-C.C.P. Article 926. While we think the trial court correctly sustained the exception, actually the merits of that exception are not before us on this appeal. The sole question presented here relates to the right and authority of the trial court to dismiss the suit because of plaintiff's failure to amend, as directed by the court, within the time allowed for that purpose. Neal v. Hall, La.App. 2 Cir., 28 So.2d 131; La Fleur v. Dupuis, La.App. 3 Cir., 147 So.2d 724.
Article 933 of the LSA-Code of Civil Procedure provides, in part, that:
"When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order." (Emphasis added).
In Neal v. Hall, supra, the trial court sustained an exception of non-joinder and allowed plaintiff 15 days within which to amend and implead additional parties. The amended pleadings were not filed within that time and on motion of defendant the suit was dimissed. The Second Circuit Court of Appeal, in affirming the dismissal of that suit, said:
"Neither the merits of the exception nor the correctness of the court's ruling thereon was brought up by the present appeal. These questions are not now before us. The sole question tendered by the appeal concerns the right and power of the lower court to dismiss the suit, as was done, because its order to amend within a definite period was not obeyed by the appellant.
* * * * * *
"The power of a court to enforce its lawful orders is inherent. But for this power, business before it would often become congested, its functions impaired, and the speedy justice guaranteed by the Constitution to litigants largely denied. Generally, the penalty visited upon a litigant for not complying *721 with a court's order that has to do with procedure is a stay of proceedings or dismissal of his suit as of non-suit. This latter action restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint."
In La Fleur v. Dupuis, supra, we affirmed the dismissal of a suit where an exception of vagueness had been sustained by the trial court and plaintiff had failed or declined to amend within the time allowed for that purpose.
The power of the court to enforce its lawful orders is inherent. And, it is settled in this State that the court has the right and power to order a litigant to perform some act, procedural in character, and upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. Article 933; St. Charles St. R. Co. v. Fidelity & Deposit Co. of Maryland, 109 La. 491, 33 So. 574; Succession of McMahon, 143 La. 644, 79 So. 175; Succession of Grover, 49 La.Ann. 1050, 22 So. 313; Curtis v. Jordan, 110 La. 429, 34 So. 591; Neal v. Hall, supra; La Fleur v. Dupuis, supra.
In the instant suit the trial judge allowed plaintiff ample time within which to make the necessary amendments. If any greater length of time had been allowed for that purpose, it might have deprived defendant of an adequate opportunity to answer or to prepare his defense, or it may have made it necessary to upset the fixing of the consolidated cases for trial or to hold another jury trial involving the same facts and issues. The record does not disclose any reason why plaintiff could not have complied with the court's requirements within the period of time allowed for that purpose. Assuming that the minor was unable to communicate with plaintiff for two weeks, as stated by counsel in his brief, there appears to be no reason why he could not have been emancipated during the remaining portion of the 31-day period which had been allowed plaintiff for the amendment, or why plaintiff could not have qualified as his tutrix within that time, or even why counsel could not have applied to the court for an extension of time within which to make the necessary amendment. Plaintiff, however, made no attempt to file the amended pleadings until the day scheduled for the trial, and that was 15 days after the expiration of the ample period which had been allowed for that purpose. It would have been manifestly unjust to the defendant in this suit and to the litigants and counsel in the other related suits if the trial court had allowed the amendment at that time.
The allowance or refusal of amended petitions under circumstances such as those existing here is largely within the discretion of the trial court, and its action will not be reversed unless manifest error was committed and injustice will result. Although we are aware of the tendency in recent jurisprudence to pursue a liberal rather than a strict attitude toward allowing amendments in judicial proceedings (See Franks v. City of Alexandria, La.App. 3 Cir., 128 So.2d 310, and cases cited therein), under the facts and circumstances presented here we find no abuse of discretion on the part of the trial court in dismissing this suit. We think, however, that the dismissal should be without prejudice, and that the judgment should be amended accordingly.
For the reasons herein assigned, therefore, the judgment appealed from is amended to decree that this suit is dismissed as of non-suit, and without prejudice, at plaintiff's costs. As thus amended, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.