165 So.2d 655 (1964)
Alces VIZIER et al.
v.
Alvin H. HOWARD et al.
No. 6077.
Court of Appeal of Louisiana, First Circuit.
June 1, 1964.
Rehearing Denied July 1, 1964.
Guzzetta & LeBlanc, by Thomas Guzzetta, Thibodaux, and Hugh E. Brunson, Crowley, for appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by J. Mort Walker, Jr. and Lucius F. Suthon, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
REID, Judge.
This is a suit brought by the owners, in indivision, of five non-contiguous tracts of land in the Parish of Lafourche, included in a larger tract of land covered by a community counterpart oil, gas and mineral lease. Various interests in this lease have been assigned or subleased to the 24 persons named as defendants in this suit.
Plaintiffs allege the lease communizes plaintiffs' five tracts of land with approximately 30 other separately owned tracts of land, thereby entitling plaintiffs and other grantors of the lease to share in any mineral production from the community area and entitling them to ratable share of the mineral production on the land pooled therewith. Plaintiffs further allege that the operators of the community lease, who *656 are defendants herein, completed an oil well on one of the tracts claimed by the plaintiffs as well as other wells completed on the communized area. Plaintiffs further allege that by November 8, 1957, more than $770,000.00 in oil had been produced from the property described in the community lease or pooled therewith and the wells located on the community lease are presently producing in excess of 2,000 barrels of oil per month. Plaintiffs' petition recites that on November 8, 1957 The Texas Company, an alleged purchaser of the oil instituted three concursus proceedings affecting said property, contending that a boundary dispute existed between the owners of one of the community tracts and the owners of a separately owned and separately leased tract pooled with the community lease.
Plaintiffs deny the existence of a bona fide dispute which would justify a concursus proceeding, and allege the lease had been breached for non-payment of royalties, or alternatively, in the event a dispute were found to exist, plaintiffs are entitled to a certain minimum royalty, and the lease had been breached for the failure to pay such minimum royalty. Plaintiffs prayed for (1) the cancellation of the lease as to the five tracts claimed by them, (2) payment of royalties up to the date they claim the lease was breached, (3) production from the date plaintiffs allege the lease was cancelled, and (4) attorney's fees. The owners and lessors of the other 30 tracts were not made parties to this action.
Defendants filed exceptions of no cause or right of action, nonjoinder of indispensable parties and nonjoinder of necessary parties. The Trial Court rendered judgment on the exception ordering the plaintiffs to amend their suit so as to make the owners and lessors of the other 30 tracts included in the subject lease parties to the action within 45 days from the date of the judgment, "otherwise the plaintiffs' suit would be dismissed at their cost." It was not clear from the judgment whether the Trial Court maintained the exception of nonjoinder of necessary parties or nonjoinder of indispensable parties or both. Within the 45 day period plaintiffs filed a supplemental petition, in which they alleged production from a well on the tract owned by one of the parties to the lease had ceased prior to January 1, 1961. In their amended petition plaintiffs attempted to convert this suit into a class action asserting their rights allegedly common to all of the parties who executed the community lease. The relief requested was the same as in the original petition with the exception that the plaintiffs prayed for an accounting of all royalties and production, for the cancellation of the entire mineral lease, and for attorney's fees in the sum of 25% of any fund made available to the class or to the property holders of the lease. Defendants thereupon filed a motion to dismiss for failure to comply with the order of the Court, and in addition, filed exception of no right and no cause of action and re-urged their original exceptions.
For written reasons the Trial Judge rendered a judgment maintaining defendants' motion to dismiss and the exceptions of no cause and no right of action, and ordered plaintiffs' suit dismissed at their cost.
It is from this judgment that plaintiffs prosecute this appeal.
Upon the trial of the motion to dismiss and the exception of no cause and no right of action, the only evidence introduced consisted of certain letters which the plaintiffs introduced concerning the demand made upon the defendants for accounting and cancellation of the lease.
The Trial Judge stated in his written reasons for judgment that the issue before the Court was whether or not a class action was available to the plaintiffs in this case, but he failed to mention the issue raised in the motion to dismiss, relative to the penalty for failing to comply with the order of the Court. Yet, in the judgment signed on the same day, the Trial Judge sustained the motion to dismiss and the exception of no cause and no right of action filed by the *657 defendants, and the suit of plaintiffs was dismissed at their cost.
Plaintiffs state in their brief on appeal that they were ruled into Court to show cause why their suit should not be dismissed because of their failure to make an actual joinder of the unrepresented colessors of the community lease, the said rule was made absolute, the suit dismissed and this appeal ensued. They do not, on this appeal, discuss the issues involved in the motion to dismiss, but limit their discussion to the question whether or not a class action was appropriate. The defendants in their brief, however, deal with both issues.
The issue before this Court is whether the plaintiffs can institute a class action in lieu of amending their petition to make all the other parties to the communized lease parties defendant in compliance with the order of the Court. In this regard the issue of whether a class action is a compliance of the order of the Court to amend raises the same legal question which was raised on the exception of no cause and no right of action.
The so called "class action" is provided in Article 591 et seq., of the LSA-Code of Civil Procedure. This form of action is new to our Louisiana law and there are only a few decisions so far which could enlighten this Court on this form of action.
The first case decided is Executive Committee of French Opera Trades Ball v. Tarrent, 164 La. 83, 113 So. 774, 53 A.L.R. 1233. This case was decided before the enactment of the Code of Civil Procedure and provides that the Executive Committee of a ball could maintain a suit to recover proceeds of the ball from the defendant, and is not apposite to this case.
The next case is, In re Interstate Trust & Banking Company, in Liquidation, 235 La. 825, 106 So.2d 276. This case turns on the so called "found doctrine" where services of counsel are rendered for preserving common rights of common property in the interest of parties concerned.
It is necessary then to go to the Federal Courts for an adequate definition of a class action. The class action is provided in Federal Rules of Civil Procedure No. 23, 28 U.S.C.A. We cite briefly the following excerpts from several cases which we believe are in point, towit:
"The requisites to maintenance of a class suit are that parties must be so numerous as to make it impractical to bring them all before court, plaintiffs must adequately represent the class, and there must be some community of interest. Kainz v. Anheuser-Busch Inc., C.A.Ill.1952, 194 F.2d 737, certiorari denied 73 S.Ct. 17, 344 U.S. 820, 97 L.Ed. 638.
"The requisites for a true class action under subdivision (a)(1) of Federal Rules Civil Procedure Rule 23, 28 U.S.C.A. are those previously existing in equity practice, including claimants too numerous to be brought before any court, adequacy of representation and a common and undivided interest. Knowles v. War Damage Corp., 1948, 171 F.2d 15, 83 U.S.App.D.C. 388, certiorari denied 69 S.St. 604, 336 U.S. 914, 93 L.Ed. 1077.
"A class action is an invention of equity to enable the court to proceed to a decree where the number of those interested in the subject of litigation is great, where it is impossible to join all the jurisdiction, or where their whereabouts is unknown, and where those who are joined fairly represent the absentees in issue in which all have a common interest. Atwood v. National Bank of Lima, C.C.A.Ohio 1940, 115 F.2d 861. See also Shipley v. Pittsburgh & L.E.R. Co., D.C.Pa.1947, 70 F.Supp. 870."
It will be seen from these decisions that there must be a common and undivided interest in the property or matter involved. *658 In this case plaintiffs' petition alleges that there were some thirty odd separate tracts of land that were communized into one lease now held by The Texas Company which was producing oil from only one or two of the separate tracts but under the communized unit all of the tracts of land were benefitted by the production and share ratably. We are, therefore, of the opinion that there were not sufficient allegations in plaintiffs' supplemental petition to set up a class action which would benefit all of the owners of the thirty odd separate tracts of land. Therefore, the class action filed in this matter would not be a compliance with the order to plaintiffs to amend their petition to bring into Court all the owners of the other tracts of land involved.
It is conceivable and the Trial Judge so held that there is no way of knowing what the attitude of the other co-owners would be and especially those co-owners whose tracts of land had no production. These particular owners are benefitted by the communized unit even though there was no production on their land. See Barron and Holtzoff, Fed.Practice and Procedure, Volume 2, Section 562, page 263 which points out that the interest of the members of the class must not be in conflict. While plaintiffs allege a common interest, by virtue of the lease and the communized unit, they did not allege sufficient facts to negate the prospect of the interest of the lessors not being in conflict. The general allegation, in our opinion, is insufficient without some specific facts set up to show that there would not be a conflict of interest in this matter.
We might further point out that there have been several concursus proceedings filed which brings in all of the lessors and would determine the interest of each, and the amount to be paid them as royalties.
It does not seem fair in view of this that under the general allegation of common interest that all of the lessors would be condemned to pay attorneys fees under the fund doctrine when there is a strong possibility, as well as probability, that there interest may be in conflict with plaintiffs herein.
The Trial Judge sustained the exception of no cause and no right of action which would have the effect of being res judicata between the parties.
We believe that plaintiffs suit should be dismissed without prejudice and as of non-suit. See Neal v. Hall, La.App., 28 So.2d 131; La Fleur v. Dupuis, La.App., 147 So.2d 724; Bogan v. Byrom, La.App., 151 So.2d 718.
For the above and foregoing reasons the judgment of the Lower Court is amended to dismiss the same as of non-suit and in all other respects the same is affirmed.
Amended and affirmed.