CHRIS T. BARNETTE, Judge pro tem.
Plaintiff has appealed from a judgment of the District Court dismissing her suit as of nonsuit. The suit arose from an alleged automobile accident in which a Mr. Van Martin, the alleged husband of plaintiff-appellant Annie Martin, was killed. Annie Martin sued for damages caused to her by the death of Van Martin. The suit was dismissed for two reasons: first, under the authority of LSA-C.C.P. art. 933, for failure of the plaintiff to comply with the judgment sustaining defendants’ dilatory exception of vagueness ordering plaintiff to amend its petition so as to allege the precise income and sources of income of the deceased Van Martin [Cf. Vidrine v. Soileau, 38 So.2d 77 (La.App. 1st Cir. 1948)]; second, under the authority of LSA-C.C.P. art. 1513(3), for failure of plaintiff to comply with the court’s judgment granting defendants’ motion for production of plaintiff’s written certificate of marriage or any other document in her possession establishing her lawful marriage to the deceased Van Martin.
We will deal first with the dismissal for failure to remove the vagueness of the petition. Suit was filed on February 14, 1964. On February 26, 1964, defendant filed the dilatory exception of vagueness. On March 6, 1964, the trial judge sustained the exception of vagueness and ordered plaintiff to amend her petition in accordance with the court’s instructions by March 20, 1964. The court, by granting continuances, extended the time given to plaintiff to amend her petition until June 26, 1964. On July 6, 1964, the trial court dismissed the suit, due to a finding that none of the three amended petitions of plaintiff was sufficient to comply with his order of March 6,1964.
 The exception of vagueness is a dilatory exception. A judgment sustaining an exception of vagueness is interlocutory in character, and there is no appeal from it as it does not decide the case on its merits, nor does it work irreparable injury. Neither the merits of the exception nor the correctness of the court’s ruling thereon is before this Court in the absence of an abuse of discretion by the trial court. We find no' abuse of discretion. This appeal is from the order of dismissal of plaintiff’s case. The only question for us to consider is whether or not the trial court had the right and authority to dismiss because of plaintiff’s failure to amend in the manner and within the time ordered by the court. LSA-C.C.P. art. 926; LSA-C.C.P. art. 2083; LSA-C.C.P. art. 933; Bogan v. Byrom, 151 So.2d 718 (La.App. 3rd Cir. 1963); La Fleur v. Dupuis, 147 So.2d 724 (La.App. 3rd Cir. 1962); Neal v. Hall, 28 So.2d 131 (La.App. 2d Cir. 1946).
The last paragraph of LSA-C.C.P. art. 933 provides:
“When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.”
The jurisprudence of Louisiana is also to the effect that the court has the power to enforce its lawful orders and to order a litigant to perform some act, procedural in character, and upon failure to' do so, to-dismiss his suit. Bogan v. Byrom, supra; La Fleur v. Dupuis, supra; Neal v. Hall, supra.
The plaintiff was allowed ample time and opportunity to make amendments *753 which would remove the vagueness. The record does not disclose any reason why the plaintiff could not comply with the court’s order within the allowed time. We ■ therefore affirm the trial judge’s dismissal of plaintiff’s- suit as of nonsuit but are of the opinion that it should be amended so as to specifically state that the dismissal is without prejudice.
The affirmance of the dismissal on the first ground for the above-stated reasons makes it unnecessary to consider the correctness of the judge’s ruling pertaining to his order to produce documentary proof of the alleged marriage of plaintiff to the deceased Van Martin.
For the reasons assigned herein, the judgment of the trial court is amended to the extent that the dismissal is to be without prejudice; otherwise the judgment is affirmed. Plaintiff-appellant is to pay all costs of appeal.
Amended and affirmed.