SAVOY, Judge.
Plaintiff filed this suit against defendant to annul a judgment dated May 24,1965, rendered against him in favor of defendant in suit entitled “X-L Finance Company, Inc. v. E. L. Bordelon”, bearing docket number 34,129 on the docket of the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. In the instant suit plaintiff prayed for a restraining order and preliminary injunction against defendant enjoining it from executing and enforcing said judgment.
The trial judge granted a temporary restraining order upon plaintiff’s furnishing bond in the sum of $350.00. Plaintiff furnished the bond, and after a hearing, the district judge granted plaintiff a preliminary injunction as prayed for.
On September 14, 1967, according to the Clerk of Court’s Minute Entry, this case was fixed for hearing on that date, was tried and was submitted on briefs.
On November 2,1967, counsel for defendant filed an ex parte motion stating that the matter had come to trial on September 14, 1967; that plaintiff was required to post a bond and was unable to do so; that plaintiff was required to submit a brief to the judge within ten days from September 14, *753 1967, and had not done so; and, that because of the failure of plaintiff to comply with the above orders of the court, the suit should be dismissed and the preliminary injunction recalled and vacated.
Acting on the ex parte motion, the trial judge dismissed the instant suit with prejudice. Plaintiff appealed.
In his brief counsel for appellee has cited Section 3 of Rule XIII of the Fifteenth Judicial District dealing with depositing of costs with the Clerk prior to the trial of a case. We cannot take judicial notice of the above rule. Certified copies of the court rule were not introduced in evidence and form no part of this record. Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6 (1967). We conclude that the first ground for dismissing the suit is without merit.
In support of his second ground for dismissing this suit, namely, failure of plaintiff to submit to the trial judge a brief within ten days from September 14, 1967, appellee cites the case of Bogan v. Byrom (La.App., 3 Cir., 1963), 151 So.2d 718, and LSA-C.C.P. Article 933.
In the Bogan case, supra, defendant filed an exception of lack of procedural capacity which was maintained by the trial judge. Plaintiff was granted thirty days to (1) emancipate the minor and substitute him as plaintiff, or (2) to have a tutrix appointed and substitute the tutrix as a proper party. Plaintiff failed to do either. Upon motion of defendant to dismiss the suit, the trial judge dismissed the suit as of non-suit. Plaintiff appealed and this Court affirmed. In so doing, we said:
“The power of the court to enforce its lawful orders is inherent. And, it is settled in this State that the court has the right and power to order a litigant to perform some act, procedural in character, and upon his failure or refusal to do so to dismiss his suit. LSA-C.C.P. Article 933; * * (Citations omitted.)
In all of the cases cited in Bogan, supra, the suits were dismissed because of the failure of plaintiff to comply with specific orders of court ordering him to perform certain acts. Most of the cases dealt with the failure to amend petitions within certain specified times.
We are of the opinion that the above cited Code of Civil Procedure article and cases cited in Bogan, supra, were not intended to apply in a situation as we have in the instant case. LSA-C.C.P. Article 933 deals with the subject of dilatory exception and states:
“If the dilatory exception pleading want of amicable demand is sustained, the final judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed.
“When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.”
The record does not reveal that plaintiff was ever required to post a bond in the instant case before he was allowed to proceed with the trial on the merits, nor is there any showing in the record that the trial judge, by formal order, required plaintiff to file a brief in the instant case.
In the interest of justice, we are of the opinion that this case should be remanded to the trial court for further proceedings.
For the reasons assigned the judgment of the district court is reversed, and the case is remanded to the district court for a determination by it of the case on the merits.
All costs to await the final outcome of this litigation.
Reversed and remanded.