CULPEPPER, Judge.
Plaintiff filed this suit for flood damage to his crops caused by defendant’s construction of a dam across a drainage canal. The defendant filed a motion for security for costs, LSA-R.S. 13:4522, alleging that in order to properly defend the suit he will have to employ engineers, surveyors and agricultural experts and the total costs will be approximately $750.
Plaintiff filed an opposition to the motion for security for costs, contending the statute in question is in violation of certain provisions of the Constitution of the State of Louisiana. After a hearing, the district judge ordered plaintiff to post within 15 days a $750 bond as security for costs. On plaintiff’s failure to timely furnish the required bond, his suit was dismissed without prejudice. Plaintiff appealed.
The statute whose constitutionality is attacked, LSA-R.S. 13:4522, reads as follows :
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof. As amended Acts 1960, No. 32, Sec. 1.”
Plaintiff contends this statute violates the following provisions of the Louisiana Constitution. He points to Article 1, Section 1, which states that one of the primary purposes of government is “to secure justice to all . . .” Also, to Article 1, Section 2, which requires that all persons be accorded “due process of law.” Finally, plaintiff contends the statute in question is particularly in contravention of Article 1, Section 6, which reads as follows:
“All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.” (Emphasis added)
Essentially, plaintiff argues the statute discriminates against plaintiffs as a class in civil actions because they can be required to furnish security for costs, whereas defendants cannot. Hence, that justice is not administered by the courts impartially.
Our research reveals that at least two early Louisiana cases have passed on the issue. In Succession of Grover, 49 La. Ann. 1050, 22 So. 313 (1897), the widow of the decedent presented a will for probate and asked to be recognized as universal legatee and executrix. Henry Bowman filed an opposition. Pursuant to the widow’s motion, the court ordered Bowman to furnish security for costs in the sum of $100 and on his failure to do so dismissed his opposition as of nonsuit. This was authorized by Acts of 1880, No. 136, Section 4. In an effort to avoid the application of the statute, Bowman first contended he was the defendant, but the court ruled adverse to him on this issue. Bowman then attacked the constitutionality of the statute under Article 11 of the Louisiana Consti *105 tution of 1879, which was essentially the same as our present Article 1, Section 6 quoted above. The court held:
“Counsel for Bowman urges that section 4 of Act No. 136 of 1880, authorizing the requirement of bond and security for costs, is in conflict with article 11 of the constitution, which declares that the courts shall be open to every person for redress of the injury done him in his rights, lands, goods, person, or reputation, etc. There is no force in this contention. The requirement of security for costs is not an unreasonable one, and is prohibited by neither the letter nor spirit of that article.”
In Grinage et al. v. Times-Democrat Publishing Company, 107 La. 121, 31 So. 682 (1902), the constitutionality of Act 136 of 1880, Section 4 was again attacked and the court held:
“The constitutional declaration that the courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law, etc. (article 6, Const. 1898) is not to be understood or construed as taking from the legislature the power to prescribe reasonable rules and regulations relative to the costs incurred in litigation. Succession of Grover, 49 La.Ann. 1050, 1051, 22 So. 313. When a person is implead-ed in the courts his right to make defense thereto arises and he, necessarily, in many cases, incurs expense. While a plaintiff is primarily bound for the costs of a suit he institutes, it is not always true that he is financially able to respond. A defendant may make large outlays in vindicating his position, and may successfully vindicate it, and yet at the end of the suit, with a judgment discharging him, may be unable to recoup his expenditures. Therefore it is, that the requirement of a bond for costs has always been sustained,”
In the Federal Courts security for costs is not expressly covered by the Federal Rules of Civil Procedure. The Federal District Courts require such security under their general rule-making power, Federal Rule 83. Usually, they follow the state court practice. See the general discussion in Barron & Holtzoff, Sections 1198 and 1711. We find no Federal case holding security for costs unconstitutional as denying either due process or equal protection of the laws.
 The equal protection of law guarantees in our Federal Constitution require generally that all citizens similarly situated be accorded the same rights in the prosecution of civil suits. Classifications of citizens who are similarly situated may be established by the legislature, so long as such classifications are based on reasonable grounds. Roper v. Brooks, 201 La. 135, 9 So.2d 485 (1942); 16A C.J.S. Verbo Constitutional Law §§ 502-503 and 557-566, pp. 296-300, and 502-536.
Under these general principles, we think the reasoning of the court in the Grin-age case quoted above, furnishes valid grounds to treat plaintiffs as a class in civil actions different from defendants under the state statute authorizing security for costs.
We find at least one of our sister states has considered a similar problem. In Columbia Water Power Company v. Nunamaker, 73 S.C. 550, 53 S.E. 996, the Supreme Court of South Carolina held that a statute requiring a bond of the plaintiff before granting.an injunction, while no such bond was required of the defendant, does not deny to plaintiff the equal protection of the laws.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.