HOOD, Judge.
This is an action for damages for personal injuries allegedly sustained by plaintiffs as the result of a motor vehicle collision. Defendants filed an exception of vagueness. After hearing, judgment was rendered by the trial court overruling that exception, and defendants appealed.
Plaintiffs timely filed in this court a motion to dismiss the appeal, based on allegations that the judgment appealed from is interlocutory in nature and that it can cause no irreparable injury. The matter is before us now on that motion to dismiss the appeal.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083.
The exception of vagueness is a dilatory exception. A judgment overruling such an exception is an interlocutory judgment since it does not determine the merits but only preliminary matters in the course of the action. An appeal cannot be taken from such a judgment unless irreparable injury may result from it. LSA-C.C.P. arts. 926 and 1841; Martin v. Garon, 172 So.2d 751 (La.App. 4th Cir. 1965); LaFleur v. Dupuis, 147 So.2d 724 (La.App. 3d Cir. 1962).
The judgment rendered by the trial court in the instant suit is an interlocutory judgment, and there is nothing in the record which shows that irreparable injury can or may result from that judgment. An appeal cannot be taken from such a judgment, therefore, and the motion to dismiss the appeal must be granted. Sonnier v. Allstate Insurance Company, 198 So.2d 694 (La.App. 3d Cir. 1967).
For the reasons herein set out, the appeal taken herein is dismissed. All costs of this appeal are assessed to defendants-appellants.
Appeal dismissed.