SARTAIN, Judge.
This appeal concerns the sustaining of an exception of vagueness and the subsequent dismissal zvith prejudice of the plaintiffs’ suit because they made no attempt to amend their petition within the delay allowed by the trial judge.
In their petition, plaintiffs sought judicial custody of a minor child who had been adopted by defendant and his deceased wife, petitioners’ daughter. She died before the final decree in the adoption proceedings was rendered, naming defendant as the child’s father. After that decree, defendant placed the child in the possession of the plaintiffs and they cared for him from that time until this suit was filed a year later.
Paragraph 13 of the petition alleged as follows:
“That defendant is morally unfit and incapable of giving the said minor child a good home, love, care or attention that he needs.”
The only other allegations tending to discredit the defendant charged that he had only visited the child twice during the year and had contributed only one dollar to his support.
But the defendant’s exception of vagueness is based on Paragraph 13 of the petition. He contends that the allegation states only a conclusion and that, in order for him to respond or prepare a defense, he is entitled to know what facts the plaintiffs will try to establish in support of that conclusion, i. e., when, where and how is he guilty of immoral conduct and for what reasons is he incapable of caring for his adopted son.
We find that the trial judge was correct in sustaining the exception. A charge of moral unfitness and an incapacity for love is perhaps the most sweeping generalization that can be leveled against a person. Evidence in support of such a charge could range from a single incident to the person’s entire life style. Inasmuch as the purpose of the exception of vagueness is to require the plaintiff to place the defendant on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, we have no hesitation in ruling that the contested allegation in this case falls short of that requirement. This is not a question of whether the facts alleged in support of the allegation were sufficient; rather, no supporting facts were alleged in this case at all.
The trial judge allowed plaintiffs ten days in which to amend their petition and during that time plaintiffs neither objected to the ruling nor made any attempt to comply with the order. La.C.C.P. Art. 933 clearly authorizes the trial judge to dismiss a suit for failure to comply with the order to amend. In the case of Washington v. Flenniken Construction Company, 188 So.2d 486 (3d La.App., 1966), Judge Tate speaking for the court stated the following, at page 491:
“The basis of this dismissal is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception, Bogan v. Byrom, La.App. 3 Cir., 151 So.2d 718, for by definition the dilatory exception ‘merely retards the progress of the action’ and ‘it is not filed in order to defeat the action’, LSA-CCP Art. 923. For this reason, the judgment of dismissal for failure to cure the defect urged by dilatory exception has consistently been without prejudice, with trial court dismissals being so amended when not so providing, (citations omitted)”
For the above and foregoing reasons, the judgment appealed from is amended to provide that the dismissal of plaintiffs’ suit without prejudice and, as amended, affirmed, at plaintiffs-appellants’ costs.
Amended and affirmed.