262 So.2d 402 (1972)
Anthony PREJEAN, Plaintiff-Appellant,
v.
Luke ORTEGO, Defendant-Appellee.
No. 3824.
Court of Appeal of Louisiana, Third Circuit.
May 18, 1972.
*403 Fredric G. Hayes, Lafayette, for plaintiff-appellant.
Jules R. Ashlock, Ville Platte, for defendant-appellee.
Before FRUGÉ, HOOD and MILLER, JJ.
HOOD, Judge.
Anthony Prejean instituted this suit against Luke Ortego for reimbursement of sums allegedly paid by plaintiff on behalf of defendant. An exception of vagueness was filed by defendant. Judgment was rendered by the trial court on September 10, 1971, sustaining that exception and ordering plaintiff to amend his petition within 15 days. The petition was not amended within that time, and on October 1, 1971, the trial judge rendered and signed a judgment dismissing the suit "with prejudice," at plaintiff's costs. Plaintiff has appealed.
Plaintiff Prejean contends that the judgment appealed from should be reversed because the decree sustaining the exception was not signed and because he was not notified of the rendering of that judgment or of the hearing held on the exception of vagueness. Alternatively, he contends that the trial judge erred in dismissing the suit "with prejudice."
The judgment of September 10, 1971, sustaining the exception of vagueness, was rendered in open court immediately after the trial of that exception was concluded on that date. The judgment is shown in the minutes of the court, but it was not reduced to writing and it was not signed by the trial judge. The judgment rendered on October 1, 1971, dismissing the suit, was reduced to writing and it was signed by the trial judge This appeal was taken from the last mentioned judgment.
The exception of vagueness is a dilatory exception. Its purpose is not to defeat the action, but merely to retard its progress. LSA-CCP art. 923. A judgment sustaining an exception of vagueness and ordering plaintiff to amend his petition is an interlocutory judgment. The subsequent decree, dismissing the suit because of plaintiff's failure to amend his petition within the time allowed by the court, is a final judgment. Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3 Cir. 1966).
It is not necessary that an interlocutory judgment be in writing or that it be signed by the trial court. It is sufficient merely that it be entered in the minutes. Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3 Cir. 1962). There is no merit, therefore, to plaintiff's argument that the judgment of dismissal should be reversed because the earlier interlocutory decree sustaining the exception of vagueness was not signed.
The exception of vagueness was originally scheduled to be tried on July 16, 1971, and plaintiff apparently was aware of that fixing. On June 18, a formal order was signed by the trial judge re-fixing the exception for trial on September 10, 1971. This order was filed in the record on the day it was signed, and on the same day the substance of the order was entered in the minutes of the court. An affidavit of a deputy clerk of court shows that "all attorneys were notified" of that re-fixing, and that a specific charge was made against the case for sending a notice of the refixing to plaintiff's counsel.
The law requires that adequate notice of a trial be given to all parties, but it does not require that any particular type or kind of notice be given. LSA-CCP art. 1571 (See comment A under that article). A written notice of the date of trial is not required, unless a written request therefor is filed in the record or is submitted by registered mail. LSA-CCP art. 1572. No such request was made in this case.
We feel that the mailing or sending of a notice to plaintiff's counsel by the clerk of court constituted adequate notice to plaintiff that the trial of the exception *404 of vagueness had been refixed for September 10, 1971. If plaintiff's counsel failed to receive that notice, then we believe that he nevertheless should have discovered that the hearing had been refixed for another date when the exception failed to come up for trial on July 16. We hold, therefore, that plaintiff received adequate notice of the hearing which was held on September 10, 1971.
There is no requirement that a party be notified of the rendering of an interlocutory judgment, unless a written request for such a notice has been filed with the clerk. LSA-CCP art. 1914. No such request was filed by plaintiff in this case. There is no merit to his argument, therefore, that the judgment appealed from should be reversed on the ground that he received no notice of the rendering of the interlocutory decree.
The power of the court to enforce its lawful orders is inherent. It may order a litigant to perform some act, procedural in character, and upon his failure or refusal to do so, the court has the right to dismiss the suit. Bogan v. Byrom, 151 So.2d 718 (La.App. 3 Cir. 1963). It has the power to dismiss a suit after an exception of vagueness has been sustained and plaintiff has failed or refused to amend his petition pursuant to orders of the court. LSA-CCP art. 933; Bordelon v. X-L Finance Company, 209 So.2d 752 (La.App. 3 Cir. 1968); Washington v. Flenniken Construction Company, supra.
In the instant suit, plaintiff failed to amend his petition as ordered by the court, after an exception of vagueness was sustained. Under those circumstances, the trial court had the right to dismiss the suit. Where a suit is dismissed for failure to correct a defect in the pleadings, urged by an exception of vagueness, however, courts consistently have held that the dismissal should be without prejudice. Cheramie v. Rodrigue, 250 So.2d 514 (La.App. 1 Cir. 1971); LaFleur v. Dupuis, 147 So.2d 724 (La.App. 3 Cir. 1962); Washington v. Flenniken Construction Company, supra; Martin v. Garon, 172 So.2d 751 (La.App. 4 Cir. 1965).
Our conclusion is that the trial court did not err in dismissing the suit, but that the judgment appealed from should be amended to decree that the dismissal is without prejudice.
For the reasons assigned, the judgment appealed from is amended to decree that the suit is dismissed without prejudice. In all other respects the judgment is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.