334 So.2d 728 (1976)
Aleen L. YEUTTER et al., Plaintiffs and Appellants,
v.
Ralph L. LEWIS, Sr., Defendant and Appellee.
No. 5542.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Henry A. Bernard, Jr., New Iberia, for plaintiffs-appellants.
Daniel L. Regard, New Iberia, for defendant-appellee.
Before MILLER, DOMENGEAUX, and PAVY, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Aleen L. Yeutter, brought this action against defendant-appellee, *729 Ralph L. Lewis, Sr., to recover damages for an alleged breach of contract. After a trial on the merits the District Judge dismissed the plaintiff's suit without prejudice. Plaintiff has appealed. We affirm.
Defendant was hired by plaintiff some time in 1971 to do certain roofing repair work on the latter's plantation home known as "Justine" in Iberia Parish. Defendant allegedly completed his task and was paid the sum of $1,116.83 for the job. Shortly thereafter plaintiff's roof developed a number of serious leaks, and the interior of the home suffered from considerable water damage. Defendant attempted to repair the leaking roof on several occasions but was unsuccessful, and this litigation ensued.
At the trial on the merits, plaintiff presented the testimony of Paul Dartez, a general contractor, who determined that the cost of repairing the interior water damage to the home was approximately $3,300.48. The witness spoke from memory and produced no work sheets or data to support his estimate. He merely stated that after viewing the interior of "Justine" he found that he could do the repair job for approximately 25 cents per square foot and on that basis arrived at the abovementioned figure. When queried by the trial judge concerning his method of computation the witness candidly admitted that he had not prepared the estimate with the contemplation of being called upon to verify its accuracy and method in court.
Mr. Dartez also testified that, in his opinion, the repairs to the roof would cost approximately $485.00. However, he also stated that he was not a roofing contractor and that said amount did not represent a definite price. He further testified that he had no actual knowledge as to the extent of roof damage as in fact he never got onto the roof but rather produced a rough estimate while standing on the ground.
L. E. Greer, who was accepted by the court as an expert appraiser, testified for the defendant. Mr. Greer stated that in his opinion the interior work could have been done for approximately 20 cents per square foot. However the witness conceded that he had never been to "Justine" and had only seen photographs of some of the interior damage to the house.
After the termination of the trial, the District Judge issued an order to the attorneys for both parties stating that although he determined that the interior damage to the house and the leaks in the roof were caused by the defendant's faulty work, he found the evidence insufficient to adequately establish the extent of the damages suffered by plaintiff. He therefore ordered that the evidence be reopened and that both parties submit additional proof concerning the cost of repair to the roof and interior of the home. Thereafter, both attorneys filed a joint motion wherein they stated their intentions not to produce any further testimony and requested the trial judge to decide the case on the previously adduced evidence. The district judge dismissed the suit without prejudice stating, in his written reasons, that he could find no basis in the evidence upon which to determine the exact amount of damages to award plaintiff.
Plaintiff contends that the trial judge lacked authority to enter a judgment of non-suit and argues that the trial judge was presented with an adequate basis for determining quantum.
The decision to re-open a case for the production of further evidence after all parties have rested is within the sound discretion of the trial judge, and absent a clear abuse of discretion his decision must be sustained by an appellant court. See Clifford v. Recreation and Park Commission, 289 So.2d 373 (La.App. 1st Cir. 1973), writ refused 293 So.2d 168 (La.); Poche v. Frazier, 232 So.2d 851 (La.App. *730 4th Cir. 1970); Walker v. Joyner, 45 So.2d 113 (La.App. 2nd Cir. 1950).
A trial judge has a right, if in his opinion the ends of justice so require, to reopen a case to permit the further production of evidence by either party. Cali v. Cloverland Dairy Products Company, 21 So.2d 166 (La.App. 1st Cir. 1945).
Under the facts of this case, we do not find an abuse of the broad discretion afforded the trial judge in his decision to reopen the case for the production of additional evidence which he felt necessary to the determination of quantum.
A trial court is endowed with the inherent power to order a litigant to perform some action, procedural in nature, and upon noncompliance can dismiss the suit without prejudice. See Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972); Martin v. Garon, 172 So.2d 751 (La.App. 4th Cir. 1965); Bogan v. Byrom, 151 So.2d 718 (La.App. 3rd Cir. 1963); and Neal v. Hall, 28 So.2d 131 (La.App. 2nd Cir. 1946). See also, in the area of non-suit for failure to produce necessary evidence, the cases of Rapides Savings & Loan Association v. Lakeview Development Corp., 326 So.2d 511 (La.App. 3rd Cir. 1976); Aswell v. United States Fidelity & Guaranty Company, 244 So.2d 243 (La.App. 3rd Cir. 1971); and Arthur v. Dupuy 130 La. 782, 58 So. 570 (1912). See also LSA C.C.P. Arts. 1631, 1632.
Under the facts presented by this litigation we feel that the trial judge's dismissal of the suit without prejudice because of the parties' failure to comply with his order to produce additional evidence was within the broad discretion accorded him by the above cited authorities.
For the above and foregoing reasons the judgment of the district court is affirmed.
Costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.